## CARLSTEDT v. ROHSENBERGER.

[No. 6,492.   Filed November 6, 1908.   Rehearing denied February 2, 1909.]

1. TRIAL.—*Interrogatories to Party.—Refusal to Answer.—Striking Complaint from Files.—Dismissal.*—Where a plaintiff refused to answer certain interrogatories propounded to him, and the court ordered his complaint stricken from the files, the result was equivalent to a dismissal.   p. 264.

2. TRIAL.—*Interrogatories to Party.—Judgment.—Appeal.*—Upon a failure or refusal, by the plaintiff, to answer interrogatories propounded to him, the defendant is not entitled to judgment on the merits, nor has he any right of appeal from a judgment therein striking the complaint from the files and taxing costs to plaintiff. p. 265.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Suit by John H. Rohsenberger against Otto A. Carlstedt. From a judgment for defendant, he appeals. *Affirmed.*

*John E. Iglehart, Edwin Taylor* and *E. H. Iglehart,* for appellant.

*J. E. Williamson,* for appellee.

RABB, C. J.—The appellee instituted a suit in the court below to restrain appellant from using a certain trademark.   After the close of the issues appellant took appellee's examination, under oath, in accordance with the provisions of the statute governing the subject, and in course of the examination propounded certain interrogatories to appellee, which he refused to answer.   Thereupon the appellant moved to strike appellee's complaint from the files. Appellee refusing to comply with the order of the court requiring him to answer the interrogatories in question, the court sustained appellant's motion, and entered the following order:   "And now the plaintiff stands by said motion, and the ruling of the court thereon, and declines

and refuses to answer any of said questions, eighteen to twenty-six inclusive. It is therefore considered and ordered by the court that the complaint of the plaintiff herein be and the same is hereby stricken from the files, whereto the plaintiff excepts, and plaintiff refuses to comply with said order or to plead further. Now, upon such default, it is considered by the court that plaintiff take nothing by his suit, but that defendant recover his costs.''

Afterwards, at the same term of court, on motion of appellee, the court modified the order to read as follows: ''It is therefore considered and ordered by the court that the complaint of the plaintiff herein be and the same is hereby stricken from the files, whereto the plaintiff excepts, and refuses to plead further, and that the defendant recover his costs, to which judgment and ruling of the court the plaintiff excepts and prays an appeal to the Appellate Court, which is granted, and ninety days given the plaintiff in which to tender his bill of exceptions. And now leave is given either party to withdraw his pleadings, filed by him respectively,'' etc.

To this order both appellant and appellee excepted. The errors assigned by appellant is the action of the court below in setting aside the original order entered in the cause 1. and the entry of the final order. It seems to be appellant's theory that he was entitled to a judgment in his favor on the merits of the case, on the refusal of the appellee to comply with the order of the court requiring him to answer interrogatories. The court very properly struck out appellee's complaint. This had the effect to discontinue the case, and an order of the court dismissing the case would have been proper; but the order entered was in effect a dismissal. §338 Burns 1908, §333 R. S. 1881; *Timmons* v. *Pine School Tp.* (1899), 22 Ind. App. 93.

No motion was made by appellant to dismiss the case, and he was not entitled to a judgment against appellee upon

the merits. A judgment was rendered by the court in his favor, which was the only judgment rendered.

It was not one that injuriously affected him, and from which he had any right to appeal.

The judgment of the court below is affirmed.