YELTON ET AL. *v.* PLANTZ, TRUSTEE, ETC.

[No. 28,402. Filed March 11, 1948. Rehearing denied April 16, 1948.]

156

*William J. Reed* and *Paul E. Reed,* both of Knox, for appellants.

*J. Murray McCarty, Charles C. Campbell* and *Brown & Brown,* all of Rochester, for appellees.

YOUNG, J.—This is an action brought by appellants as taxpayers against the appellee, as Trustees of Aubbeenaubbee Township, Fulton County, Indiana, to enjoin him from carrying out a contract for the construction of a school building. Appellant's complaint alleged in substance that appellee advertised for bids for the construction of a 16 room school building, completely finished inside, including plumbing and electrical equipment; that the advertisement called for three separate bids, one for the construction of the building, one for the installation of the plumbing and one for the installation of wiring and electrical fixtures; that the combined bids of the lowest bidders for said three types of work amounted to $125,000.00; that the appropriation available for the construction of said school building was $102,000.00; that without readvertising for bids, the appellee entered into a contract for the partial construction of said building to the amount of the available appropriation; that said contract required only four rooms to be finished and only part of the wiring and plumbing to be installed; that the balance of the rooms were not to be partitioned off, were not to be plastered, were not to be wired and were not to be finished with interior trim, and doors

and windows were not to be completely installed; that by the contract, appellee agreed to cause a sinking fund to be established and tax levies to be made in an amount to make available the further sum of $23,-000 for the completion of said building; that the contractors agreed that they would complete said school when and if said $23,000 tax levy was made; that there was no appropriation of said $23,000; that said contract was entered into by appellee, notwithstanding the fact that the township advisory board had refused to approve the creation of said sinking fund and the making of said levy.

This complaint was filed on November 1, 1946. The 1947 session of the General Assembly passed an act purporting to legalize the transactions complained of in said complaint, which legalizing act was approved and became effective on March 12, 1947. (Ch. 192, Acts of 1947.)

On March 20, 1947, appellee filed a motion to dismiss said cause, based solely upon the ground that the legalizing act had cured all the alleged infirmities of the transactions complained of. This motion was sustained by the court, and, on June 19, 1947, judgment was entered, dismissing the case. On September 9, after the close of the term at which said judgment of dismissal was entered, appellants filed a motion to set aside the judgment and for leave to plead over, which was overruled on September 15, and this appeal was perfected on September 17, 1947.

Appellants assign as errors the dismissal of appellants' cause and the overruling of appellants' motion to set aside the judgment of dismissal and for leave to plead over.

As we view the case, only a question of procedure is before us, that is, whether it was proper for the court

to dismiss the action upon the alleged ground that a statute passed subsequent to the beginning of the action had cured the faults upon which plaintiffs relied in their complaint and had thereby left the complaint without facts sufficient to entitle plaintiffs to the injunction prayed for.

We have two statutes in Indiana to which reference is made by the parties in their briefs. One statute provides for dismissal on certain specified grounds, § 2-901, Burns' 1946 Replacement, and the other authorizes the rejection of a pleading as sham when it plainly appears upon the face thereof that it is false in fact and intended merely for delay. § 2-1054, Burns' 1946 Replacement.

The statute first above referred to provides that actions may be dismissed without prejudice, "First. By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced. Second. By the court where the plaintiff fails to appear on trial. Third. By the court, on the refusal to make the necessary parties, after having been ordered by the court. Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence. Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action." This section then provides that, in all other cases, upon the trial, the decision must be upon the merits. There is nothing in this statute which would authorize the involuntary dismissal of plaintiffs' complaint in this case because a subsequent statute did, or attempted to, cure the faults upon which plaintiffs relied to create their alleged cause of action.

The second statute above referred to, contemplates

that a pleading, which clearly appears upon its face to be false in fact and intended merely for delay, is sham, and for this reason may be rejected and the procedure indicated by our practice to invoke this section of the statute is a motion to strike. There are other grounds which have been held to justify the striking of a pleading such as, if not signed, or if not verified when required, or if it contains scandalous matter, or if an order of court has not been obeyed, or if an amended pleading adds nothing to the original pleading. 1 Gavit, *Indiana Pleading and Practice,* pp. 599, 600, and cases cited in Notes 63 to 69 inclusive. In discussing the propriety of the dismissal of this action, both parties have treated motions to strike and motions to dismiss as in substance the same thing and, with this we are in accord. Striking a complaint has the effect of dismissing the action. 1 Gavit, *Indiana Pleading and Practice,* p. 1021; *Carlstedte* v. *Rohsenberger* (1908), 43 Ind. App. 263, 264, 85 N. E. 996.

It has been held that, under our practice a court has no power to order an involuntary non suit, *Williams* v. *Port* (1857), 9 Ind. 551; *Stults, Administrator* v. *Forst* et al. (1893), 135 Ind. 297, 306, 34 N. E. 1125, and it has been frequently held, and is well established, that the sufficiency of a complaint cannot be tested by a motion to strike or a motion to dismiss. *Loftin* v. *Johnson* (1940), 216 Ind. 537, 542, 24 N. E. 2d 916; *Huffman* v. *Newlee* (1919), 189 Ind. 14, 26, 124 N. E. 731; *Moorehouse* v. *Kunkalman* (1911), 177 Ind. 471, 481, 96 N. E. 600; *Toledo, etc. Traction Co.* v. *Toledo, etc. R. Co.* (1908), 171 Ind. 213, 223, 224, 86 N. E. 54; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 221, 73 N. E. 259; *Connelly* v. *Hundley* (1933), 96 Ind. App. 439, 444, 185 N. E. 309; *Connelly* v. *Calender* (1933), 96 Ind. App. 432, 438, 185 N. E. 338; *Jones* v.

*Evanoff* (1944), 114 Ind. App. 318, 319, 52 N. E. 2d 359; *Ederer* v. *Froberg* (1945), 115 Ind. App. 414, 419, 59 N. E. 2d 595; 1 Gavit, *Indiana Pleading and Practice*, p. 642. If, in the case before us, it was the desire of appellee to test the sufficiency of the complaint in the light of the legalizing act, which was clearly the purpose of the motion, appellee should have demurred.

In the case of *Loftin* v. *Johnson, supra,* there were a number of defendants and part of them demurred to the complaint and part of them filed motions to dismiss the cause. The motions to dismiss were sustained and this court held that under the circumstances of that case the sustaining of said motions did not constitute reversible error even though it was recognized that the proper method of presenting the questions contained in the motion to dismiss was by demurrer. The court said that the reasons stated in the motion to dismiss would have been appropriate grounds for demurrer and that the form of pleading was not important but that its substance was controlling, and the motions were treated as demurrers. We have examined the record in the Loftin case and find that the order sustaining the motions to dismiss and the order sustaining the demurrers were almost identical in form and substance. The order shows that the motions to dismiss were sustained with exceptions and that the plaintiffs refused to plead further and judgment was rendered that the plaintiffs take nothing as against the defendants whose motions were sustained. This is an entirely different situation from that found in the case before us, where no opportunity to plead over was given and where the judgment was merely one of dismissal, not amounting to an adjudication of the issues tendered by the plaintiff.

In the case of *Lambert* v. *Smith, State Fire Marshal,* (1939), 216 Ind. 226, 230, 23 N. E. 2d 430, it is held to be harmless error to dismiss a case if the complaint could not possibly be amended to state a good cause of action in connection with the matter in controversy. This case is based upon *Chicago, etc., R. Co.* v. *Dunnahoo* (1916), 63 Ind. App. 237, 246, 112 N. E. 552, and *Minor* v. *Sumner* (1923), 80 Ind. App. 269, 271, 140 N. E. 580. These latter cases hold that, "if the facts averred in a pleading are so palpably irrelevant to the matter in controversy that the pleading could not, by amendment, be made germane to the controversy," it would not be reversible error to strike or dismiss. In the Dunnahoo case, which the Minor v. Sumner case follows, it is also said that if the averments "tend to state a cause of action or a defense, though the pleading may be insufficient in substance when duly tested by demurrer, it should not be stricken out; for the party has the right to amend after a demurrer is sustained, and this right is cut off when the pleading is struck out." It seems to us that in the case before us the averments of the complaint are not palpably irrelevant to the matter in controversy, but on the contrary tend to state a cause of action even in the light of the new statute. We agree that the striking of a complaint, or the dismissing of a cause of action, might be harmless to the plaintiff if it appears upon the face of the complaint that no amendment is possible which would make the complaint state a cause of action. But this rule should be applied with caution and only when it is clear that no amendment could be made to make the complaint good. That is not true in the case before us. We do not know that other faults not within the purview of the new statute could not have been alleged in and amended complaint in this case,

which would have made the complaint good notwithstanding the curative statute.

We cannot say, as a matter of law, that the plaintiffs' complaint was sham, frivolous or false, or intended merely for delay even in the light of the curative statute. Appellants may in good faith have doubted the efficacy of the legalizing act to cure the faults they had found in the steps taken in connection with the school house contract and they were entitled to have their complaint tested in accordance with established procedural methods. Appellee's motion to dismiss was for the purpose of testing the sufficiency of plaintiffs' complaint in the light of the legalizing statute and this could be done only by demurrer. In our opinion the court erred in sustaining the motion to dismiss.

Appellee complains that appellants, after the passage of the legalizing act, did not file an amended or supplemental complaint or otherwise bring the new legislation to the attention of the court, or question its constitutionality. Courts take judicial notice of acts of the legislature, and facts of which judicial notice may be taken need not be stated in the pleadings. § 2-1046, Burns' 1946 Replacement. There was no obligation therefore upon the appellants to plead the new statute. It seems to us that it was appellee's move, and not appellants', after the legalizing act was passed to determine whether the act accomplished the purpose for which it was designed. The legalizing act was not the basis of appellants' cause of action. On the contrary, it was the basis of appellee's defense, and the duty was upon appellee rather than appellants in proper manner to inject the new statute into the case. A curative statute must, from its very nature, be given retrospective operation by the courts, 50 Am. Juris., p. 504, and a curative act will, as a

general rule, make the transaction subject to the curative enactment valid from its beginning. Crawford, *Statutory Construction,* § 283, p. 578; *King* v. *Course* (1865), 24 Ind. 202, 207; *Brannon* v. *Henry* (1912), 175 Ala. 454, 57 So. 967, 969; *Malone* v. *Peay* (1929), 159 Tenn. 321, 17 S. W. 2d 901, 903; *Los Angeles City Water Co.* v. *City of Los Angeles* (1898), 88 Fed. 720, 742. So, at any time after the legalizing act was passed, appellee could have demurred to the original complaint upon the ground that the legislature had cured the defects alleged as of a date prior to the filing thereof. Upon the merits of such demurrer, and the effect of the curative statute, we need express no opinion.

Appellee also contends that appellants waived any question as to the constitutionality of the new legislation because, when the motion to dismiss was before the court upon argument, the record shows that the appellants, ". . . for the purpose of this argument only, agree that the court shall consider the act of said General Assembly as constitutional and as being now in full force and effect, . . ." No attempt to present to us the question of constitutionality of the curative act has been made by either party, and we do not think we should attempt to pass upon the constitutionality of an act of the legislature unless it is presented to us and we have the help of both parties to the action in which the legislation is concerned. Therefore, the alleged waiver is not a matter for our consideration in this appeal, but even if it were we would not construe this conduct upon the part of appellants as appellee does. It seems to us that it well may have been in the minds of the appellants, when the stipulation was entered into, that only a procedural question was involved at the time, and

that the answer to this procedural question would be the same whether the new statute be good or bad. In this connection we also suggest that questions of law are beyond the power of agreement by the attorneys or parties, and a stipulation that a statute is constitutional would be a nullity. *Miller* v. *State, ex rel.* (1930), 202 Ind. 18, 26, 171 N. E. 381; *App* v. *Class* (1947), 225 Ind. 387, 75 N. E. 2d 543, 547, 548.

For error in sustaining appellee's motion to dismiss and permitting appellee to test the sufficiency of appellants' complaint by its motion to dismiss, the judgment of the court dismissing the action is reversed, with instructions to set aside the judgment of dismissal and reinstate the cause and overrule the motion to dismiss.

O'Malley, J. not participating.

NOTE.—Reported in 77 N. E. 2d 895.