DAVIS *v.* STATE OF INDIANA

[No. 28,622. Filed March 16, 1950.]

*Harry S. Taylor,* of South Bend, and *Frank C. Eichelberg,* of Elkhart, for appellant.

*J. Emmett McManamon,* Attorney General; *Merl M. Wall* and *Charles F. O'Connor,* Deputy Attorneys General, for appellee.

GILKISON, J.—Appellant, an inmate of Indiana State Prison, filed his petition in the trial court for writ of error coram nobis. Appellee thereafter appeared generally and filed its written motion to dismiss appellant's action. Thereafter, the court sustained the motion and made its order dismissing the action.

In this appeal we are not concerned with the sufficiency of appellant's petition for writ of error coram nobis in the court below, since its sufficiency was not questioned by any proper pleading filed therein.

The sufficiency of the complaint is not tested by the motion to dismiss or a motion to strike out. *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895, and authorities there cited; *State ex rel. Hurd* v. *Davis, Judge* (1949), 227 Ind. 93, 99, 84 N. E. 2d 181, 184, and authorities there cited; *Armstrong* v. *Presslor* (1947), 225 Ind. 291, 299, 73 N. E. 2d 853, and authorities there cited; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 216, 221, 73 N. E. 259, and authorities there cited.

At common law a plaintiff may not be nonsuited or his cause dismissed, without his consent, and it has always been the law in Indiana that a plaintiff may not be nonsuited without his consent and a dismissal is equivalent to a nonsuit. *Booe* v.

*Davis and Another* (1839), 5 Blkfd. 115, 116; *Montgomery, Ex.* v. *Jones* (1854), 5 Ind. 526, 527; *Williams* v. *Port* (1857), 9 Ind. 551; *Port* v. *Williams* (1855), 6 Ind. 219, 220, 221; *Doe Ex Dem. Elmore* v. *Grymes et al.* (1828), 26 U. S. (1 Peters) 469, 7 L. Ed. 224; *D'Wolf* v. *Rabaud et al.* (1828), 26 U. S. (1 Peters) 475, 497, 7 L. Ed. 227, 236; *Crane* v. *The Lessee of Morris et al.* (1932), 31 U. S. (6 Peters) 598, 609, 8 L. Ed. 514, 518.

If the complaint stated facts sufficient to constitute a cause of action or if it could have been amended to state facts sufficient, it was error to dismiss the action. *Guthrie* v. *Howland* (1905), 164 Ind. 214, 223, 73 N. E. 259; *The Indianapolis Piano Manufacturing Co. et al.* v. *Caven* (1876), 53 Ind. 258, 262; *Port* v. *Williams* (1855), 6 Ind. 219, 221; *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895, 897; *Lambert* v. *Smith, State Fire Marshal* (1939), 216 Ind. 226, 230, 23 N. E. 2d 430; *Chicago etc. R. Co.* v. *Dunnahoo* (1916), 63 Ind. App. 237, 245, 246, 112 N. E. 552; *Minor* v. *Sumner* (1923), 80 Ind. App. 269, 270, 140 N. E. 580; *State ex rel. Hurd* v. *Davis, Judge* (1949), 227 Ind. 93, 99, 84 N. E. 2d 181, 183.

The complaint upon its face indicates that the trial court had jurisdiction of the subject matter of the action. *Partlow* v. *State* (1922), 191 Ind. 657, 134 N. E. 483; *Stephenson* v. *State* (1932), 205 Ind. 141, 194, 197, 179 N. E. 633, 186 N. E. 293; *State ex rel. Lopez* v. *Killigrew* (1931), 202 Ind. 397, 399, 174 N. E. 808, and cases cited; *Berry* v. *State* (1929), 202 Ind. 294, 303, 165 N. E. 61, 173 N. E. 705; *Murphy* v. *Daly* (1934), 206 Ind. 179, 183, 188 N. E. 769; *Quinn* v. *State* (1935), 209 Ind. 316, 319, 198 N. E. 70; *Irwin* v. *State* (1942), 220 Ind. 228, 239, 41 N. E. 2d 809.

Matters dehors the averments of the complaint, relating to jurisdiction and limitation of the action may be presented by appropriate pleadings. A motion to dismiss the action is not an appropriate pleading for such purpose.

For the error of the court in sustaining the motion to dismiss the action the cause must be reversed.

The cause is reversed with instructions to overrule the motion to dismiss the action.

NOTE.—Reported in 90 N. E. 2d 803.