COOK ET AL. *v.* HERRING ET AL.

[No. 19,242. Filed November 2, 1959.]

*H. Hanly Hammel, Jr.,* of Lafayette, for appellants.
*Albert Meranda,* of Jeffersonville, for appellees.

RYAN, J.—Appellants, the plaintiffs below, filed a complaint in the Scott County Circuit Court to contest a will of one George Hercules, who the complaint alleges was domiciled in Scott County at the time of his death and who left an estate there. To this complaint the appellees filed a motion to strike on the ground that the pleading was sham and was intended merely for delay.

The trial court overruled the motion to strike, and

the appellee, Liberty National Bank and Trust Company, then filed the following unverified motion:

"Comes now the defendant, Liberty National Bank and Trust Company, of Louisville, Kentucky, and moves the Court to dismiss this action for the reason that the Court lacks jurisdiction in this cause of action for the following reasons: This cause of action is based upon a purported Will of George Hercules. There has been no Will of George Hercules probated in this Court or offered for probate in this Court."

This motion was sustained, the cause of action was dismissed, and this appeal followed.

Our code of civil procedure, in §2-901, Burns' 1946 Replacement, sets forth the reasons for which an action may be dismissed. This section provides as follows:

"An action may be dismissed without prejudice—

First. By the plaintiff, before the jury retires; or when the trial is by the court, at any time before the finding of the court is announced.

Second. By the court, where the plaintiff fails to appear on trial.

Third. By the court, on the refusal to make the necessary parties, after having been ordered by the court.

Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

In all other cases, upon the trial, the decision must be upon the merits."

The inherent power of the trial court to dismiss an action is limited to those causes of action over which it has no jurisdiction. *Soderling* v. *Standard Oil Co.* (1950), 229 Ind. 47, 95 N. E. 2d 298, *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C.*

(1956), 235 Ind. 218, 132 N. E. 2d 707, but where the trial court has jurisdiction over the subject matter the plaintiff has the right to a determination of his cause of action on the merits, unless the cause may be dismissed for one or more of the five reasons provided for in §2-901, Burns' 1946 Replacement, quoted above. I.L.E. Dismissal §31.

The original determination of whether or not the court has jurisdiction is determined from the allegations of the complaint. In the case before us we have a complaint to contest a will of a decedent who the complaint alleges was domiciled in Scott County at the time of his death, and who left an estate there. The Scott County Circuit Court, being a court of general jurisdiction in a county having no separate probate court, had, under the allegation of the complaint, jurisdiction over the subject matter of this action. An examination of the motion to dismiss shows it does not come within the purview of any of the five reasons of Burns' §2-901.

The appellee by its motion to dismiss has attempted to question the sufficiency of the complaint, and neither a motion to strike nor a motion to dismiss can properly be used to test the complaint's sufficiency. *Yelton* v. *Plantz* (1948), 226 Ind. 155, 77 N. E. 2d 895.

Nor can a motion to dismiss be sustained where the court has jurisdiction of the parties and the subject matter and

". . . the complaint stated facts sufficient to constitute a cause of action or if it could have been amended to state facts sufficient, . . ." *Davis* v. *State* (1950), 228 Ind. 159, 161, 90 N. E. 2d 803.

Appellees urge in their argument that there was another motion to dismiss filed prior to the filing of

their motion to dismiss quoted above, and which motion was predicated on the fact that appellants had failed to file a cost bond. Appellees therefore urge in their argument that this is a failure to comply with §7-119, Burns' 1953 Replacement, and for this reason the action should have been dismissed, and cite in support of this contention the case of *Harrison* v. *Stanton et al.* (1896), 146 Ind. 366, 45 N. E. 582. In this contention we find two errors: One, in the case cited the trial court ordered the appellant to file a bond within thirty (30) days. The action was then dismissed by the court upon the failure of the appellant, who was the plaintiff below, to file the cost bond within the time ordered. This would bring the trial court's action within the fifth specification of Burns' §2-901 cited above. Secondly, the appellees are laboring under the misapprehension that the filing of a cost bond is a jurisdictional requirement.

> "The bond required by this section of the statute is not a necessary prerequisite to the court's jurisdiction in contest proceedings." 1 Henry's Probate Law and Practice (6th ed.) §4, p. 232.

The allegations of the complaint in this case having initially established that the trial court had jurisdiction of the subject matter, it was incumbent upon the appellees, in order to present matter dehors the averments of the complaint affecting the court's jurisdiction, to do so by an appropriate pleading. A motion to dismiss is not an appropriate pleading for this purpose. *Davis* v. *State, supra.*

This cause is reversed with instructions to overrule the motion to dismiss, and for further proceedings.

Myers, P. J., Ax, Cooper, JJ., concur.

NOTE.—Reported in 162 N. E. 2d 108.