CITY OF EAST CHICAGO *v*. CHICAGO AND CALUMET
DISTRICT TRANSIT COMPANY, INC.

[No. 19,593. Filed May 27, 1963. Application for Writ of
Certiorari granted June 3, 1963.]

*Cecil B. Cohen*, City Attorney, *Joseph J. Wasko* and *John N. Stanton*, all of East Chicago, for appellant.

*Owen W. Crumpacker*, *Theodore M. Gemberling*, *George V. Burbach*, and *Harold Abrahamson*, all of Hammond, for appellee.

PFAFF, J.—The appellant duly commenced this action against the appellee by complaint seeking to enjoin the latter from "the unlawful operation of the defendant's (appellee's) motor vehicles in Plaintiff City of East Chicago, Indiana, and from charging the increased fares."

Upon issues appropriately made, the cause was submitted for trial and resulted in a finding on March 31, 1958 for the appellant and that the appellee should be enjoined from "receiving and discharging the same passengers within the city limits" of East Chicago. Consistent judgment followed. On October 31, 1958 the court reopened and set aside said judgment of March 31, 1958 and made a finding for appellee and against appellant and entered judgment thereon. Appellee's motion for new trial was overruled. Appellant then filed its motion for new trial on the grounds, in substance, that the decision of the court was not sustained by sufficient evidence, that it was contrary to law, and that the court erred in "attempting, pursuant to Rule 1-8 of the Supreme Court, to re-open and set aside the judgment entered March 31, 1958" and at the same time "overruling defendant's motion for a new trial." Appellant's motion for a new trial was overruled and this appeal followed on assignment of error in the overruling of said new trial motion.

After a thorough study of the briefs filed herein, we concluded that severe and important questions were presented as to the constitutionality of the several statutes, ordinances, franchises, and acts mentioned and referred to in the briefs and that the Supreme Court should construe and interpret its Rule 1-8 with reference to the facts in this case and the application of said Rule 1-8 to such facts. Accordingly, pursuant to the provisions of Sec. 4-214,

Burns' 1946 Replacement, we transferred this appeal to said Supreme Court.

The Supreme Court has transferred the case back to this court with an opinion, *City of East Chicago* v. *Chicago and Calumet Dist. Transit Co.* (1963), 243 Ind. 590, 189 N. E. 2d 414, 1 Ind. Dec. 246. It follows, therefore, that in the further consideration of this action on this appeal we are warranted in concluding that the Supreme Court, by the transfer back to this court of this case, has determined that no constitutional question is presented and that the trial court committed no error in its interpretation and application of said Rule 1-8.

Appellant's complaint was in four paragraphs. Adopting appellant's statement of the material charge of each paragraph of the complaint, it appears that:

> 1. The first paragraph alleges that "said defendant carrier did not at any time have a franchise from the plaintiff city to operate within said city, and, acting without any authority from or supervision by any public agency, exacted of its passengers . . . arbitrary, excessive and unreasonable fares as determined solely by said carrier."

Appellant makes no contention and presents no argument as to the allegation that appellee exacted arbitrary, excessive and unreasonable fares of its passengers or that there was any evidence to support such allegation.

> 2. The second paragraph of complaint charged that if certain designated statutes be construed to authorize the City of Hammond to grant franchises for the carrying on of common carrier business in the City of East Chicago, the same "are unconstitutional."

As stated above, the Supreme Court has determined that no constitutional question is presented.

> 3-4. The third and fourth paragraphs of complaint "are by way of supplemental complaint" and "both further allege that since the commencement of the action the defendant carrier increased its fares without the consent or approval of plaintiff city or other lawful authority."

As we pointed out under number 1 above, appellant presents no contention or argument as to fares charged its passengers by appellee.

At this point we would be justified in holding that none of said paragraphs of complaint, as to the material charges appellant states were made therein, were sustained by any evidence and that appellant has waived any asserted errors by its failure to comply with Rule 2-17 of the Supreme Court. However, we pause to notice that appellant says in its reply brief that:

> "This action is one for equitable relief, a complaint seeking an injunction against *continuous unlawful acts in violation.. of the rights of the petitioner . . .*"

The difficulty we encounter is that we fail to find any establishment by appellant that "the operation of the appellee bus company wholly within the limits of the City of East Chicago" was unlawful. Appellant makes no contention that it adopted or has in existence any regulatory ordinance which was violated by appellee. The sole contention made by appellant is that appellee's operations are unlawful because it did not procure from the appellant city a franchise contract authorizing it to operate its motor vehicles within the city limits. This contention

is not supported by any evidence that appellee violated any statute or any duty imposed by the common law.

The trial court was charged with the duty of weighing the evidence. This it did and found that appellant did not sustain the allegations of its complaint by sufficient evidence. The appellant then, in order to be successful on this appeal, must establish that it was denied relief to which, under the evidence, it was entitled. "In granting or refusing injunctive relief the courts are called upon to exercise sound judicial discretion and upon appeal the judgment will not be reversed unless there has been an abuse of such discretion." *Advance Oil Co.* v. *Hunt* (1917), 66 Ind. App. 228, 236, 116 N. E. 340. We fail to find that appellant has demonstrated that it was denied relief to which under the evidence it was entitled to or that it has shown an abuse by the trial court of its sound judicial discretion.

Judgment affirmed.

Mote, P. J., Hunter and Kelley, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 565.