CHESTER E. BOWMAN, DONALD G. GARVIN AND RICHARD S. ADAMS, BOARD OF ZONING APPEALS OF THE COUNTY OF ALLEN *v.* PAUL R. HOLSOPPLE, PAULINE J. HOLSOPPLE, GENE RHOADES AND SHARON LEE RHOADES.

[No. 3-672A23. Filed February 15, 1973.]

*Chester E. Bowman, Jerrald A. Crowell, Bowman, Crowell & Swihart,* of Fort Wayne, for appellants Bowman, Garvin and Adams. *James R. Solomon, Hoffman, Moppert & Sullivan,* of Fort Wayne, for appellant Board of Zoning Appeals.

*Ralph R. Blume, Blume, Wyneken, Levine & Clifford,* of Fort Wayne, for appellees.

HOFFMAN, C.J.—The issue presented by this appeal is whether the single-family dwelling of appellees is a "mobile home" within the definition thereof under the zoning ordinance of Allen County.

An improvement location permit was issued by the Zoning Administrator of Allen County, Indiana, to Paul Holsopple, one of the appellants herein, for the construction of a single-family dwelling at 8020 Trier Road, Fort Wayne, Indiana.

Certain landowners in the immediate vicinity appealed the granting of the improvement location permit to the Board of Zoning Appeals of Allen County, Indiana. The members of the Board of Zoning Appeals heard the evidence presented to them and found that the structure in question was a "mobile home" as defined in the zoning ordinance of Allen County.

Holsopple, along with the other petitioners-appellees, filed their petition for a writ of certiorari. Such petition alleged illegality in the decision of the Board of Zoning Appeals in

that no evidence was adduced that the structure of petitioners was a "mobile home." A writ of certiorarai was issued to the Board of Zoning Appeals of the County of Allen which duly and timely filed its return thereto. Pursuant to IC 1971, 18-7-5-92, Ind. Ann. Stat. § 53-788 (Burns 1964), the trial court heard testimony to supplement the facts disclosed by the return to the writ of certiorari concerning the construction and make-up of the structure. The trial court found that the decision of the Board of Zoning Appeals "that the structure in question is a 'mobile home' * * * is not supported by the evidence." Accordingly, the trial court reversed the decision of the Board of Zoning Appeals of Allen County.

The petitioners duly and timely filed their motion to correct errors which was overruled by the trial court, and this appeal followed.

The parties are agreed that the following definition of a "mobile home" as quoted from the zoning ordinance of Allen County is pertinent to the instant appeal:

> "Mobile Home, Mobile House, House Trailer or House Coach—A single family dwelling designed for transportation after fabrication on streets and highways on its own wheels or on flat-bed or other trailers, and arriving at the site where it is to be occupied as a dwelling complete and ready for occupancy, except for minor and incidental unpacking for assembly operations, location on jacks or permanent foundations, connection to utilities and the like."

To determine if the structure in question is a "mobile home" the above quoted definition must be applied to the following facts which are summarized from the record before us:

The structure consisted of three units. The main unit was approximately 12 by 70 feet in size. It was mounted on a metal frame with three axles, two wheels on each axle. The main unit was pulled by a truck to the installation site.

Inside the main unit was a smaller, collapsible unit which unfolded from the main unit to make a room approximately 12 by 15 feet in size when attached. Another unit referred to

as a "tag-along" unit was mounted on a metal frame with a detachable tongue and one axle, and pulled by a truck. This unit was approximately 12 by 35 feet in size.

The smaller units were bolted to the main unit and the entire structure was mounted on a concrete foundation. The wheels were removed and stored under the structure, however, the frames and axles remain attached.

The exterior was made of aluminum and was already finished. The interior walls were already paneled but some of them had to be assembled after the collapsible unit was removed. The bathroom fixtures and cabinets were already installed. The water lines were connected on the inside. A water heater and furnace were installed. The light sockets and electrical outlets were attached. The kitchen contained a sink and cabinets.

The three units were bolted together and the entire structure was placed on the permanent foundation. Heat ducts between the units had to be connected and the carpeting had to be sewn together between the rooms. The water, sewer and electricity had to be connected with the outside sources. The basic assembly of the three units took two men working nineteen hours each.

The entire structure weighs approximately 21 tons and has an approximate area of 1,320 square feet. There is testimony that the structure is approved for F.H.A. financing for up to 30 years.

Is the above described structure a "mobile home" *vel non*?

The zoning ordinance states, in part, that a "mobile home" is "[a] single family dwelling designed for transportation after fabrication on streets and highways on its own wheels * * *." Here, the structure is a single-family dwelling. It was fabricated off the site of its intended use. It is inferable that it was designed for transportation. The main unit and the "tag-along" unit were on metal frames. Axles were attached to the frames and wheels were mounted on the axles. The

collapsible unit was designed to fit and be transported inside the main unit. The units were pulled *via* a detachable tongue by a truck. The foregoing evidence satisfies the above quoted portion of the zoning ordinance.

The zoning ordinance further defines a "mobile home" as one which upon "arriving at the site * * * [is] complete and ready for occupancy, except for minor and incidental unpacking for assembly operations, * * *." Here, the reasonable inferences exuding from the evidence are conflicting as to whether the assembly of the units was "minor and incidental unpacking for assembly." Such determination, even though the evidence is uncontroverted, is one of fact. The conclusion that the assembly of the units was "minor" is as reasonable as the conclusion that it was not. Both conclusions, although opposite, are supported by the evidence. It was improper for the trial court, in reviewing the decision of the Board of Zoning Appeals for illegality, to substitute its judgment for that of the Board.

Appellees contend in their brief that appellants have no standing to challenge the issuance of the building permit. Even assuming this contention is correct, it was waived by not being raised in the certiorari proceedings. *Metropolitan Dev. Com'n. of Marion County* v. *Camplin* (1972), 153 Ind. App. 622, 288 N.E.2d 569, 571.

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Sharp and Staton, JJ., concur.