307 N.E.2d 523 (1974)
Herbert OTT, Jr., and Treva Ott, et al., Appellants (Plaintiffs below),
v.
Lee E. JOHNSON and Romona C. Johnson, Appellees (Defendants below).
No. 3-773A96.
Court of Appeals of Indiana, Third District.
February 26, 1974.
Rehearing Denied May 6, 1974.
*524 Bloom, Bloom & Fleck, Columbia City, for appellants.
Snodgrass, Burner & Lambert, Warsaw, for appellees.
GARRARD, Judge.
The facts were stipulated. In 1967 the Town of Pierceton adopted an ordinance prohibiting, as a nuisance, the placing of mobile homes within the town corporate limits, except in mobile home parks approved by the Indiana State Board of Health.
In 1972, the defendants, owners of Lot No. 2 in Gradeless Subdivision in the town, began construction of concrete slabs and a foundation to receive the Monarch 12 foot by 61 foot mobile home which they owned and had been living in on rented space in a mobile home park west of Pierceton.
At that time plaintiffs Ott and Ott, owners of Lot No. 3 in Gradeless Subdivision, gave both verbal and written notice to defendants to the effect that they would consider defendants' proposed actions the creation of a nuisance to the Otts' damage.
Defendants thereafter brought their home to the lot, removed the wheels, axles and towing tongue and installed it on the concrete block foundation previously prepared. 2 X 4's were then installed to fill in the space "between the underside of the unit at the top of the wall". Then metal skirting was placed all around the exterior. Since the unit was placed on the lot, it has been continuously connected with the town's water and sewer service.
*525 It also appears that the Pierceton Town Board elected to take no action against defendants in connection with the ordinance, and that during the time involved and for at least five years prior thereto, a housing unit of the same type and style had been installed on Lot No. 1 in Gradeless Subdivision, next to defendants' lot and within 100 feet of the Ott lot.
Shortly before the actual installation, this action for injunction was commenced by sixteen property owners in the town (twelve of whom apparently consist of husband-wife combinations) including the Otts. A pretrial order was entered by agreement containing stipulations of fact and submitting the case without further evidence. Neither party requested the trial court to make special findings pursuant to Rule TR. 52, IC 1971, 34-5-1-1. The court denied plaintiffs' request for a permanent injunction, and overruled and denied plaintiffs' motion to correct errors. This appeal followed.
Plaintiffs' first assignment is that the decision is contrary to the evidence. Since plaintiffs had the burden of proof and suffered a negative judgment, this assignment does not present a reviewable issue. State Farm Life Insurance Co. v. Spidel (1964), 246 Ind. 458, 202 N.E.2d 886; Senst v. Bradley (1971), Ind. App., 275 N.E.2d 573.
The remaining assignment is that the decision is contrary to law.
The ordinance in question reads as follows:
"ORDINANCE NO. 114
"WHEREAS, the Board of Trustees of the Town of Pierceton, Indiana, has determined that the erection, placing or locating of a mobile home, as hereinafter defined, within the corporate limits of the Town of Pierceton, Indiana, in other than a mobile home court, trailer camp, or trailer court, approved by Indiana State Board of Health, constitutes a public nuisance;
"NOW, THEREFORE, BE IT ORDAINED by the Town Board of Pierceton, Indiana;
1. That any person, firm, or corporation who shall erect, place or locate a mobile home, as hereinafter defined, upon any real estate situate within the corporate limits of the Town of Pierceton, Indiana, in other than a mobile home court, trailer camp, or trailer court, approved by Indiana State Board of Health, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than One Dollar ($1.00) nor more than Ten Dollars ($10.00) for each and every offense thereof.
2. DEFINITION: A mobile dwelling unit shall name (sic) living quarters such as house trailers, truck bodies, tents, bus bodies, railroad cars, shacks and improvised shelters which may be moved by tractor, truck, automobile or horses or can be carried, transported or towed from one place to another without the use of regular house moving equipment; that use for such living quarters shall include the acts of sleeping, preparation of meals or any sanitary measure such as bathing, dish washing or laundering clothing or any natural or performed operation which provides waste material objectionable from a nuisance standpoint.
3. That each day that a mobile home is so located within the corporate limits of the Town of Pierceton, Indiana, shall constitute a separate offense under the terms and provisions of this ordinance.
4. That the effective date of this ordinance shall be from and after passage and publication thereof in the manner prescribed by law.

*526 "Passed and adopted by the Board of Trustees of the Town of Pierceton, Indiana this 13th day of November, 1967."
The parties stipulated that they do not here wish to question the constitutionality of the ordinance. Such a stipulation, of course, to the extent that it purports to render the ordinance valid by agreement, cannot be binding upon the courts. Yelton v. Plantz (1948), 226 Ind. 155, 164; 77 N.E.2d 895. Although substantial issues might be raised regarding the ordinance,[1] we have concluded to abide by the parties' wishes since a constitutional determination does not appear necessary to the outcome. Saloom v. Holder (1973), Ind. App., 304 N.E.2d 217.
Was the decision of the trial court refusing the injunction upon this ordinance and the stipulated facts contrary to law?
Plaintiffs correctly urge us as a general proposition that in construing a statute, the legislative intent must be ascertained and given effect, and where the statute declares that a term shall mean certain things, the courts are bound by that definition even though otherwise the language would be held to mean a different thing. Town of Kewanna Water Works v. Indiana Employment Security Board (1961), 131 Ind. App. 400, 171 N.E.2d 262. In construing ordinances, the rules applicable to construing statutes apply. Woerner v. City of Indianapolis (1961), 242 Ind. 253, 177 N.E.2d 34, cert. den. 368 U.S. 989, 82 S.Ct. 605, 7 L.Ed.2d 526.
Despite the typographical "name" for "mean" in Section 2, and the omission of the term "nuisance" from its purview, the ordinance is clearly a penal ordinance proscribing certain conduct as a public nuisance and providing penalties for its violation. As such, the ordinance must be strictly construed. Loftus v. State (1944), 222 Ind. 139, 52 N.E.2d 488; Dowd v. Sullivan (1940), 217 Ind. 196, 27 N.E.2d 82. Furthermore it cannot be said, nor is it contended, that mobile homes constitute nuisances, per se.
Appellants argue that the decision here should be controlled by our opinion in Bowman v. Holsapple (1973), Ind. App., 292 N.E.2d 274, where a defendant's mobile home sans wheels was determined to remain a mobile home. Bowman, however, involved interpretation of the comprehensive zoning ordiance of Allen County. The ordinance did regulate the location of "mobile homes" and contained a definition clause. The plaintiffs appealed the grant of an improvement location permit for defendant's "mobile home" to the Board of Zoning Appeals, which sustained their position. On the following certiorari proceeding which was appealed to this court, we held that under the evidence and the language of that ordinance there was evidence from which the Zoning Board could reasonably have reached its conclusion, and therefore it was error for the trial court to substitute its judgment for that of the Board.
Furthermore, in Bowman, "mobile home" was defined as:
"... a single family dwelling designed for transportation after fabrication on streets and highways on its own wheels or on flat bed or other trailers, and arriving at the site ... complete and ready for occupancy, except for minor and incidental unpacking for assembly operations, location on jacks or permanent foundations ..."
The definition is more broad than the definition here. It expressly contemplates fabricated dwellings transported by flat beds and installed on permanent foundations. The essence of the definition is a *527 home "designed for transportation after fabrication on streets and highways."
Here it appears that the essence of the ordinance's definition, rather than original design, is portability. Section 2 refers to "living quarters which may be moved ... from one place to another without the use of regular house moving equipment." A further clue as to the legislative intent follows in the relation of "living quarters" to "activities which [provide] waste material objectionable from a nuisance standpoint." This terminology logically accents a legislative concern for dangers to the public health from the occupancy of portable dwellings not supplied with adequate facilities for disposal of garbage, sewage and the like.
It was stipulated that here the town's regular residential water and sewage hookups were made, and that while the unit could again be moved without regular house moving equipment, to do so would first require that it be raised on jacks, the foundation removed, and axles, wheels, tires and towing tongue be reaffixed (or that it be placed on dollies) for towing.
The prohibition of the ordinance, however, is in the present tense. It refers to living quarters which may be moved, not those which might by additional actions and alterations be rendered capable of movement.
Plaintiffs' asserted error is that the decision was contrary to law because the trial court denied relief they were entitled to under the evidence. The plaintiffs had the burden of establishing all the necessary elements of their claim. In reviewing the trial court's action, even in a case tried upon stipulated facts, it is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be set aside on the ground that it is contrary to law. Indiana Bank and Trust Co. v. Lincoln National Bank and Trust Company of Fort Wayne (1965), 137 Ind. App. 546, 206 N.E.2d 879; Hinds v. McNair (1955), 235 Ind. 34, 129 N.E.2d 553.
We cannot say that defendants' home was clearly in violation of the ordinance or that the trial court's decision denied relief to which plaintiffs were clearly entitled under the evidence.
There is an additional reason why the decision of the trial court should be affirmed. While the original complaint asserted defendants' conduct constituted both a public and private nuisance, the pretrial order and stipulation of facts presented nothing toward sustaining a claim of private nuisance. The issue presented was whether the conduct was a public nuisance by virtue of being in violation of the ordinance.
However, mere violation of the ordinance is not enough. To entitle plaintiffs to injunctive relief they must show that they have suffered some injury peculiar to themselves rather than that sustained by the public in general. Peoples Gas Co. v. Tyner (1891), 131 Ind. 277, 31 N.E. 59; Greene v. Holmes (1929), 201 Ind. 123, 166 N.E. 281; Burton v. Sparks (1941), 109 Ind. App. 531, 36 N.E.2d 962.
We have reviewed the "Stipulation of Facts and Evidence" and there is simply no evidence of special injury contained therein. We are advised only that the Otts reside on the adjoining lot and that the other plaintiffs own property somewhere within the Town of Pierceton. This is not sufficient.
Under the "Issues of Fact and Law" section of the pretrial order it is, however, stated that the parties agree that if the defendants are violating the ordinance, the equitable remedy by injunction is the proper remedy. Does this supply the missing element? The statement follows rather than precedes the statement that "the foregoing contains by stipulations, all facts necessary to determine the issues." It also appears at variance with a previous *528 statement regarding the issues, to the effect that defendants contested that their home "will constitute a public nuisance and a private nuisance to each of the plaintiffs and will substantially decrease the value of their properties." In short, the exact purpose of the statement is not clear. Even if its intendment were clear, it merely voices a conclusion of law. To give it force would not only eliminate the element of special injury, it would also eliminate all discretion of the trial court in granting or withholding injunctive relief based upon all of the circumstances.[2]
Our courts have consistently held that the parties may not stipulate the law, whether as to the validity of a statute or, by conclusions, the legal effect and interpretation to be given the facts. App. v. Class (1947), 225 Ind. 387, 75 N.E.2d 543; City of Indianapolis v. Link Realty Co. (1932), 94 Ind. App. 1, 179 N.E. 574. See also Yelton v. Plantz (1948), 226 Ind. 155, 77 N.E.2d 895.
The statement of this bare legal conclusion, even if intended to be relevant, does not supply the missing element of special injury.
The decision of the trial court, not being contrary to law, is affirmed.
HOFFMAN, C.J. and STATON, J., concur.
NOTES
[1] The ordinance does not purport to be a comprehensive zoning ordinance enacted pursuant to I.C. 18-7-5-1, Burns § 53-701 et seq. As to restrictions on the ability of a town to declare nuisances, see e.g. City of Evansville v. Miller (1897), 146 Ind. 613, 45 N.E. 1054; Town of Bloomfield v. West (1918), 68 Ind. App. 568, 121 N.E. 4.
[2] While such discretion is generally considered in connection with proceedings for temporary relief where it, no doubt, has its broadest utilization, it nevertheless is applicable to actions for permanent relief. City of East Chicago v. Chicago and Calumet District Transit Company, Inc. (1963), 134 Ind. App. 631, 190 N.E.2d 565.