## WESTERN & ATLANTIC R. ROAD vs. CARLTON.

1. The jury are to determine on the credit they will give a witness, who has been impeached on one side for want of character, but who has been supported on the other by counter proof. That the jury believed him is no ground to set aside a verdict as being against evidence.

2. When the State engaged in the carrying business on the W. & A. Rail Road, it assumed the obligations and liabilities incident to that business when carried on by individuals, and subject to the remedies by suit against the superintendent of the road, when the claim cannot be otherwise adjusted.

3. The plaintiff, in a suit against the superintendent of the road is not restricted to the amount claimed when he presented his account to that officer for settlement. As in other cases he recovers according to his proofs under the law.

Case, in Fulton superior court. Tried before Judge Bull, at October Term, 1858.

The facts of this case, and the points adjudicated, will

sufficiently appear from the following opinion of the court, pronounced by Judge McDonald.

OVERBY & BLECKLEY, for plaintiff in error.

J. M. & W. L. CALHOUN, *contra.*

*By the Court.*—McDONALD, J., delivering the opinion.

Charles W. Carlton instituted a suit in the superior court of Fulton county, against the superintendent of the Western & Atlantic Rail Road, for the recovery of damages done to a lot of hogs freighted by the plaintiff on the cars running on that road. The jury on the trial rendered a verdict for the plaintiff for two thousand dollars. The defendant moved for a new trial, on five grounds, to-wit:

1. Because the verdict of the jury was contrary to the evidence, and strongly and decidedly against the weight of evidence.

2. Because the court erred in charging the jury that the State was bound to keep enough cars on hand in good order to do the business on the road, with reasonable dispatch, and that if the plaintiff was damaged by reason of a car having failed, or given out while on the trip, the plaintiff must recover.

3. Because the court erred in charging the jury that in assessing damages they might find the highest or lowest amount proved, or any intermediate amount.

4. Because the court erred in refusing to charge the jury as requested by defendant's counsel, that the plaintiff could recover no greater amount in this case, than he claimed at the time of making his demand of the superintendent.

5. The verdict was for a larger amount than that so demanded.

The court overruled the motion and the defendant excepted.

1. The only principle on which the plaintiff in error proposed to sustain the first ground in the motion for a new trial was, that Price, a principal witness for the plaintiff below, was discredited. There were many witnesses to impeach, and many to sustain his credit; whether the jury would believe him was for their determination upon the evidence submitted.

If they gave him credit we cannot say that they were wrong.

2. In support of the second ground in the motion, it is insisted that the State is not a common carrier, and is not subject to the rules of law which apply to common carriers. When a State embarks in an enterprise which is usually carried on by individual persons or companies, it voluntarily waives its sovereign character and is subject to like regulation with persons engaged in the same calling. But, if under such regulations citizens acquire rights for wrongs or injuries sustained at the hands of the agents of the State, in conducting the business in which the State may have embarked, there may be, ordinarily, a difficulty in regard to the remedy to which the injured party might be entitled. In such cases in England, the King is petitioned in his court of chancery, and the chancellor administers right as a matter of grace, not by compulsion. Here the usual course pursued by the citizen, has been to petition the Legislature; and that has been the resort when no other remedy has been provided. The Legislature, however, has wisely and justly provided a remedy for persons having claims against the Western & Atlantic Rail Road. They may present them for settlement to the superintendent of the Rail Road. If a dispute should arise concerning any claim which cannot be amicably settled, a claimant may bring suit against the superintendent of the Rail Road. We think, then, that

the State engaging in the carrying business, assumes the obligations and liabilities incident to that business when carried on by individuals, and the remedy is by suit against the superintendent of the road when the claim cannot be adjusted without.

The third ground in the motion is abandoned by the plaintiff in error in this court.

3. The refusal of the court below to charge the jury, at the request of defendant's counsel, that the plaintiff can recover no greater amount in this case than he claimed at the time of making the demand of the superintendent, is made the fourth ground in the motion for a new trial; and the fifth ground is, that the verdict was for a larger amount than was demanded. We think that there was no error in refusing a new trial on these grounds. At the time the injured plaintiff asked a settlement, he may not have been apprised of the extent of his loss; and if he was, he might have been satisfied with a less sum, provided he could obtain a settlement without expense and trouble. We know of no foundation in reason, justice or principle, for the support of the position. If a person having a claim against the road, and a settlement is refused him on demand, he may sue, and the suit in such case, must, like all others, be determined upon the evidence submitted by the parties and the law applicable to it.

Judgment affirmed.