## Busby v. Indiana Board of Agriculture.

[No. 12,556.   Filed January 27, 1927.]

1. AGRICULTURE.—*Indiana Board of Agriculture is a state agency.*—The Indiana Board of Agriculture is an agency of the state for the purpose of managing and conducting a department of the state pursuant to Art. 8, §1 of the Constitution (§189 Burns 1926).   p. 575.

2. AGRICULTURE.—*State Board of Agriculture not liable for negligence of its officers or employees.*—The Indiana Board of Agriculture, being solely an agency of the state, is not liable for damages suffered by reason of the negligence of its officers or employees.   p. 575.

3. AGRICULTURE.—*Complaint against Indiana Board of Agriculture held insufficient.*—A complaint against the Indiana Board of Agriculture to recover damages for the loss of a race horse through fire in one of the barns at the State Fair Grounds, resulting from the alleged negligence of the board in permitting the occupants thereof to use oil heating stoves, *held* insufficient on demurrer.   p. 576.

From Marion Superior Court (A 24,861); *Sidney S. Miller*, Judge.

Action by Harper A. Busby against the Indiana Board of Agriculture. From a judgment for defendant, the plaintiff appeals. *Affirmed*. By the court in banc.

*Allen J. Boesel* and *Felt & Forney*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward M. White*, Assistant Attorney-General, for the State.

McMahan, C. J.—Complaint by appellant against the Indiana Board of Agriculture for damage to his person and to property. It alleges that appellee, through its superintendent, rented space in certain buildings on the State Fair Ground to divers persons for housing, training, and caring for race horses, such renting not being in any way connected with the state fair or public exhibitions; that plaintiff was one of the persons renting space, for which he paid a monthly rental, such funds being kept by appellee and not used by the state for governmental purposes. That appellee negligently allowed and permitted other occupants of said building to use oil heating stoves. That appellee knew of such fact and knew that the occupants of the building had scattered straw and other combustible material about the building, making the same extremely dangerous; that one of the stoves so used exploded and set fire to the building, destroying the same and a valuable horse belonging to appellant, and also injuring him in person.

A demurrer was sustained to the complaint and this action of the court is assigned as error.

Appellee contends that it is a public state institution and, as such, is an agent and instrumentality of the state engaged in carrying out a governmental function based on the constitutional provision requiring the general assembly to advance the cause of agriculture, etc., and that, being an agent of the state, it is not liable to appellant for his loss and is not subject to suit.

Appellant contends that appellee, in renting space in the fairground buildings, was not engaged in a governmental function, but that it had invaded the domain of a private enterprise and thus became liable for damages, the same as a private individual.

In order to support his contention, appellant cites and relies on *Hopkins* v. *Clemson Agriculture College* (1910), 221 U. S. 636, 31 Sup. Ct. 654, 55 L. Ed. 890,

35 L. R. A. (N. S.) 243;·Stern v. State Board of Dental Examiners (1908), 50 Wash. 100, 96 Pac. 693; Tompkins v. Kanawha Board (1880), 19 W. Va. 257; and Western, etc., R. Co. v. Carlton (1859), 28 Ga. 180.

In the Hopkins case, the defendant was a corporation, with a right to hold and use property, coupled with the provision that it might sue and be sued in its corporate capacity. While the land on which the college was located belonged to the state, the college, in its own right, was the owner of and in possession of other real estate. It had sources of income other than the annual appropriations given it by the state, out of which any judgments rendered against it could have been satisfied. The college had built a dyke on the land owned by the state on which the college was located, and caused the water in a river to flow across the land of the plaintiff —an act, the state itself had no authority to do without compensation. And, as was there said, if the state had undertaken to give the college authority to do the things it did without compensation, the Constitution would have substituted liability for the attempted exemption. The college, in erecting the dyke, was not engaged in a governmental function.

In Western, etc., R. Co. v. Carlton, supra, the State of Georgia was engaged in the business of operating a railroad. Provision was made for persons having claims against the railroad to present them to the superintendent for settlement, and if a dispute arose, the claimant was authorized to bring suit against the superintendent, which was done.

Stern v. State Board of Dental Examiners, supra, was an action to have a receiver appointed to take charge of and collect fees due the board for the purpose of applying them on a judgment Stern had recovered against the board. The original suit was not against the state. The state was not bound by the judgment,

nor were any of the funds of the state charged with the payment of the judgment. The statute provided that the board should handle its funds and satisfy claims and demands against it the same as an individual, copartnership, or private corporation. It received no funds from the state, and paid nothing to the state. The funds received by it were collected by it and used to pay the *per diem* of the members and to defray the expenses of the board.

In *Tompkins* v. *Kanawha Board, supra,* the defendant was a corporation chartered by the state and having control and supervision of the improvement of the Kanawha river. It was the legal successor of the James River and Kanawha Company, which, in turn, was the successor of the Old James River Company, organized and chartered under legislative authority of Virginia. The company was authorized to improve the river and to demand and collect tolls. It was a joint stock company which had undertaken the construction of a work useful to the public, but, as was said in *James River, etc., Co.* v. *Early* (1856), 13 Grat. (Va.) 541, 552, "intended for the private emolument of the stockholders in dividends of the profits." The only interest the commonwealth had in the matter resulted from its being a stockholder in the company. The Kanawha board, being a corporation not charged with or performing a governmental function, and being a corporation doing business for profit to its stockholders, was properly subject to an action for damages caused by its neglect.

Appellant's contention cannot prevail. The Indiana Board of Agriculture was created as an agency of the state for the purpose of managing and conduct-

1, 2. ing a department of the state pursuant to Art. 8, §1 of the Constitution, §189 Burns 1926. It is an involuntary corporation, organized, not for the purpose of profit or gain, but solely for the public benefit,

and having only such limited powers as were deemed necessary for that purpose. In performing the duties required of it, appellee exercises a public function for the public good for which it receives no private or corporate benefit. Being organized solely for a public purpose, no action lies against it for an injury received by a person on account of the negligence of its officers, unless a right of action is expressly given by statute. *Freel* v. *School City of Crawfordsville* (1895), 142 Ind. 27, 41 N. E. 312, 37 L. R. A. 301.

Appellee owns no property and has no means of raising any money to pay any judgment that might be rendered against it in an action of this kind. All of the money that comes into its possession, except that which it receives in connection with the operation of the state fair and from the renting of the buildings of the state, is raised by taxation. It is required to make annual reports to the Governor of all receipts and expenditures. Its books and accounts are subject to investigation by the State Board of Accounts, §3520 Burns 1926, §3174k Burns 1914. The funds received by it can be used and expended only for the advancement of agriculture and allied purposes for which the board was created. Appellee has no stockholders, pays no dividends, has no money except that for which it is required to account to the state, and, in our judgment, is not liable as a private or *quasi* public corporation for injuries suffered by reason of the neglect of one of its officers or employees. There was no error in sustaining the demurrer to the complaint. We are supported in this view by the decisions in other states. See *Minear* v. *State Board of Agriculture* (1913), 259 Ill. 549, 102 N. E. 1082, Ann. Cas. 1914B 1290; *Haines* v. *State Board of Agriculture* (1913), 184 Ill. App. 191; *Zoeller* v. *State Board of Agriculture* (1915), 163 Ky. 446, 113 S. W. 1143; *Hern* v. *Iowa*

*State Agricultural Society* (1894), 91 Iowa 97, 58 N. W. 1092, 24 L. R. A. 655; *Morrison* v. *Fisher* (1915), 160 Wis. 621, 152 N. W. 475, L. R. A. 1915E 469; *Melvin* v. *State* (1898), 121 Cal. 16, 53 Pac. 416.

Judgment affirmed.