BRACHT *v.* CONSERVATION COMMISSION

[No. 17,658.   Filed January 21, 1948.]

*Townsend, Hilgemann,* and *Logan,* of Ft. Wayne, attorneys for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Miller, Davis* and

*Karl J. Stepher*, Deputy Attorney General, for the State.

HAMILTON, J.—On July 25th, 1944, the appellant, accompanied by his wife and son, visited Pokagon State Park in Steuben County and paid his admission fee to the park and was handed a circular describing various trails through the park. Appellant and his family followed one of the trails, which was marked, and while walking along the trail, an old and decayed tree fell, striking and instantly killing the wife and severely and permanently injuring the appellant.

The appellant instituted this action in the Steuben Circuit Court to recover damages for the personal injuries he had sustained. The complaint was in a single paragraph and charged appellee with negligence in maintaining a nuisance and a failure to use reasonable care in keeping the walks, paths, and trails in the park in a reasonably safe condition for use by persons admitted to said park.

The appellee filed a demurrer to the complaint, which demurrer was based upon the grounds that: (1) The court had no jurisdiction of the subject matter of the action; (2) that the court had no jurisdiction of the person of the defendant; and (3) that the complaint did not state facts sufficient to constitute a cause of action. The memorandum filed with the demurrer stated: (1) That the State of Indiana is not subject to a suit in the courts by a citizen of the state except by direct permission of the state; and (2) that the state has not consented to be sued in a tort action such as alleged in the complaint, and therefore the action could not be maintained against the defendant, a department of the state.

The demurrer was sustained, and upon appellant's

refusal to plead further, judgment was rendered for the defendant and this appeal perfected.

The sole error assigned is the sustaining of the demurrer to the complaint.

Appellant most earnestly presents the following propositions in support of his contention that the court erred in sustaining the demurrer to his complaint, to-wit: 1. That the state has the power to form a *quasi* public corporation and that the conservation commission is in fact a *quasi* public corporation, acting as an agency of the state, and as such it may be sued the same as any other corporation. 2. That the appellee is liable for maintaining a nuisance even though it is not liable for the torts of its employees, officers, or agents. 3. That the act of permitting an old decayed tree to stand where the public was likely to be injured by its falling constituted the maintenance of a nuisance. 4. That appellee was liable and suable for the maintenance of a nuisance in a public park where an admission fee is charged. 5. That where the state engages in business or a business enterprise, it stands upon the same footing as an individual and cannot claim immunity from suability or liability.

Appellee insists that it is a department of government of the State of Indiana and as such cannot be sued in tort for damages; 2. That the State of Indiana has consented to be sued in only two kinds of actions: (a) those involving money demands against it arising out of contract, express or implied, § 4-1501, Burns' 1946 Replacement; and (b) those involving its interests in real estate, § 2-229, Burns' 1946 Replacement; and 3. that in the instant case appellant is attempting to extend the principle of suability and liability applicable to municipal corporations in Indiana to the state itself and particularly to the Indiana De-

partment of Conservation, and that such principle and doctrine is not, and never has been, held applicable to the sovereign state of Indiana, or any of its departments or agencies. Appellee further contends that appellant's proposition to the effect that "where the state engages in business or business enterprises, it stands on the same footing as an individual" is true only in cases where the state by a contract puts itself in the status and upon the same basis as any other contracting party or individual. Then, and in such event, under Article 4, § 4, of the Indiana Constitution and § 4-1504, Burns' 1946 Replacement, the state may be sued and held liable.

The first question presented is: What is the legal status of the appellee Conservation Commission?

The original act creating the department was ch. 60, Acts 1919. The title of this Act reads:

"An act creating a department of conservation, defining its powers and duties, and abolishing certain offices, boards and departments, and making an appropriation."

Section 1 of said act, § 60-701, Burns' 1943 Replacement, reads as follows:

"There shall be and hereby is created an administrative department to be known as 'The Department of Conservation'."

In 1945, ch. 353 of the Acts of 1945 was enacted. Section 60-701, Burns' 1943 Replacement (Supp.) The title of this act reads in part:

"An Act concerning conservation; abolishing the department of conservation; . . . creating the Indiana Department of Conservation, providing for the appointment of its members and a director of said department, providing for and defining their

rights, powers, authorities, duties and responsibilities, . . ."

Section 2 of said act, being § 60-702, Burns' 1943 Replacement (Supp.), reads in part:

"There is hereby created the Indiana Department of Conservation. . . . The said Indiana department of conservation is hereby made a legal entity of the state of Indiana."

Chapter 106, Acts 1945, § 60-747, Burns' 1943 Replacement (Supp.), provides in part:

"The department of conservation shall have the authority to acquire, maintain and make available to the public under such rules and regulations as may be established by the department of conservation, public parks and other suitable places for recreation. . . ."

The department consists of seven divisions created by various statutes, *viz:* geology, entomology, forestry, lands and waters, fish and game, engineering, oil and gas and water resources. The powers and duties of each of the divisions are set forth in §§ 60-712 to 60-721, inclusive, Burns' 1943 Replacement and in Acts 1947, chapters 239 and 277. § 60-718 provides:

"Division of land and waters.—The department of conservation shall have the following powers, duties and authority: 1. To have the care, custody and control of the several preserves and parks owned by the state, other than the state forest reserves. . . . 4. Subject to the approval of the governor, to purchase lands for parks or preserves and scenic and historic places. For the purpose of acquiring lands for parks or preserves and scenic and historic places, the commission may exercise the right of eminent domain, in the manner hereinafter provided. 5. To receive and accept in the name of the people of the state by gift or

devise the fee or other estate therein of lands or scenic or historic places. . . ."

To carry on its activities and to inform the Governor and the public of the work done by its various divisions, the department is required to submit an annual report to the Governor, which reports, or such parts thereof as the commission may deem to be of the most general importance, may be published with the consent of the Governor, and the expense thereof paid out of the appropriation for the board of public printing. § 60-710, Burns' 1943 Replacement.

We take judicial notice of the fact that in 1947 the legislature, by chapters 141, 204, and 233, respectively, of the Acts of 1947 appropriated out of the public treasury a large amount of funds out of the general treasury of the state to the Indiana Department of Conservation to carry on the various activities, including the care, custody, operation, and maintenance of the state parks.

Section 60-724, Burns' 1943 Replacement, provides for the creation of a revolving fund for the use of the respective divisions of the Indiana Conservation Department and provides that when the amount of said revolving fund exceeds the sum of $50,000, the excess thereof reverts to the general treasury of the State of Indiana.

No provision is made anywhere in the statutes for the payment of any judgment which may be rendered against the Department of Conservation. Therefore, the use of any funds out of the revolving fund aforesaid for such purpose would necessarily deplete such fund so as to necessitate its replacement out of the public funds in the general treasury of the state.

Considering all of the statute above mentioned, we think it is clear that the Indiana Department of Conservation is a department of the state government for administrative purposes and entitled to claim any immunity from suability and liability which the sovereign state of Indiana itself could claim and assert. *Ford Motor Co.* v. *Department of Treasury of Indiana* (1945), 323 U. S. 459, 89 L. Ed. 389; *Busby* v. *Indiana Board of Agriculture* (1926), 85 Ind. App. 572, 576, 154 N. E. 883.

It is a firmly-estabilshed rule, universally recognized and enforced, that neither a state nor the United States, in the absence of statutory provision, can be made to respond in damages for tort. *Ford Motor Co.* v. *Department of Treasury of Indiana, supra; Busby* v. *Indiana Board of Agriculture, supra; City of Indianapolis* v. *Indianapolis Water Co.* (1916), 185 Ind. 277, 291, 113 N. E. 369; *State* v. *Mutual Life Ins. Co.* (1910), 175 Ind. 59, 71, 93 N. E. 213; *May* v. *State* (1892), 133 Ind. 567, 569, 33 N. E. 352; *State* v. *Patten* (1936), 209 Ind. 482, 496, 199 N. E. 577; 49 Am. Jur. § 76, p. 288, and § 78, p. 291.

Appellant concedes that there is no statute in the state of Indiana authorizing the state, or any of its administrative departments, to be sued for damages in tort actions. Appellant has presented a very forceful argument and one in which there may be merit; however, the reasons urged by appellant are proper ones to be presented to the legislature in behalf of legislation allowing tort actions to be brought against state agencies and departments, but they cannot be considered by the courts in view of the law as written in § 24, Art. 4, of the Indiana Constitution and the will of the legislature as expressed in §§ 2-229 and 4-1501, Burns' 1946 Replacement.

The trial court did not err in sustaining the demurrer to the complaint and the judgment must be affirmed.

NOTE.—Reported in 76 N. E. 2d 848.