PERKINS ET UX *v.* STATE OF INDIANA.

[No. 768A115. Filed February 24, 1969. Rehearing denied March 24, 1969. Transfer granted September 30, 1969. See 251 N.E. 2d 30.]

*Buck and Bradford,* Indianapolis, *John D. Clouse,* Evansville, for appellants.

*John J. Dillon,* Attorney General, *Ronald S. Timmons,* Deputy Attorney General, for appellee.

COOPER, J.—This is a consolidated appeal of two causes from the Superior Court of Marion County, wherein each of the appellants initiated an action by filing in that court what was denominated as a "Claim Against the State of Indiana Arising out of Implied Contract."

Each of these "claims" allged, in substance, that on or about July 9, 1966, the appellants rented a cottage from the State of Indiana in Lincoln State Park and paid one week's

rent therefor; that the defendant knew the plaintiffs had rented the cottage to use the recreational facilities of the park; that the defendant impliedly warranted to the plaintiffs that the park and its facilities were safe to be used; that the plaintiffs used the park facilities; that the beach and lake of said park were contaminated by raw sewage, as a result of which the plaintiffs and their children became ill. The plaintiffs alleged damages including loss of income and medical expense incurred, and the appellant, Robert Perkins, in a second paragraph of his "claim" alleged loss of services of his wife and his children. The appellant Robert Perkins prayed for judgment in the amount of $15,000.00 in each paragraph of his "claim", and the appellant Dorothy Perkins prayed for judgment in the amount of $15,000.00 in her "claim".

The defendant State of Indiana filed in each of the causes of action, a Motion to Dismiss which alleged, in substance, that the "claims" were not actions on contract, that the State had not consented to be sued for damages, and that the court did not have jurisdiction of the causes of action. Thereafter, the court sustained the motions to dismiss and these appeals followed. The appeals were originally filed in the Supreme Court and that Court consolidated the two causes. Thereafter, the Supreme Court ordered the case transferred to this Court.

It appears from the record that the plaintiffs-appellants based their "claims" on the provisions of Burns' Indiana Statutes, Sec. 3-3401 which reads in part as follows:

". . . Any person or persons having or claiming to have a money demand against the state of Indiana, arising, at law or in equity, out of contract, express or implied, . . . may bring suit against the state therefor in the superior court of Marion County, Indiana . . ."

The appellants' assigned error on appeal is that the court erred in sustaining the appellee's motions to dismiss the appellants' claims and in dismissing the appellants' claims.

Our Supreme Court in considering the propriety of motions to dismiss, stated in the case of *State ex rel. Calumet Nat'l. Bank vs. McCord* (1962), 243 Ind. 626, 189 N. E. 2d, 583, at page 628:

"At the outset, we observe that a motion to dismiss is not normally the proper procedural method of testing the sufficiency of a complaint, nor for considering whether or not the plaintiff has stated a good cause of action. A demurrer is the method by which such legal questions are raised. A motion to dismiss should not be preverted for that purpose. The sustaining of a demurrer gives the plaintiff an opportunity to amend, while the sustaining of a motion to dismiss cuts off such rights which the statute would normally give a plaintiff. (Authorities omitted).

"It is stated in all of the cases above that a court may not enter an order of involuntary non-suit or dismissal against a plaintiff *except where there be a statutory ground or a total lack of jurisdiction.* (Our emphasis)....

"However, even though the motion to dismiss is improper procedurally, this court has held that such a motion will be treated in unusual instances as a demurrer if the complaint or petition could not possibly be amended to state a good cause of action in connection with the controversy. In other words, if the facts pleaded are so palpably defective or irrelevant that they show the plaintiff has no cause of action whatever under any theory, this court will not do the useless or futile act of sending the case back merely for procedural consistency when it can be expeditiously disposed of here. *Lambert v. Smith, State Fire Marshal* (1939), 216 Ind. 226, 23 N.E. 2d, 430;*Yelton v. Plantz* (1948), 226 Ind. 155, 77 N.E. 2d, 895.

"Such a rule treating a motion to dismiss as a demurrer can be supported only as one of sensible expendiency. It must be applied with the greatest of caution and only when it is clear that no amendment or alteration of the complaint could give the plaintiff a good cause of action. Those instances are rare, but we believe such is the situation at this time before us."

We are of the opinion that the facts alleged in the plaintiffs' "claims" in this case sound in tort; therefore, the

"claims" could never be amended to state a cause of action against the State of Indiana. Under these circumstances, the trial court had no jurisdiction and it properly sustained the motions to dismiss which were filed by the Appellee State of Indiana.

The Constitution of the State of Indiana provides in Article 4, Sec. 24, in part as follows:

"Provision may be made, by general law, for bringing suit against the State, as to all liabilities orginating after the adoption of this Constitution; but no special act authorizing such suit to be brought, or making compensation to any person claiming damages against the State, shall ever be passed."

This Court, in the case of *Bracht v. Conservation Commission* (1947), 118 Ind. App. 77, at p. 83, 76 N. E. 2d, 848, stated:

"It is a firmly established rule, universally recognized and enforced, that neither a state nor the United States, in the absence of statutory provision, can be made to respond in damages for tort. *Ford Motor Co. v. Department of Treasury of Indiana, supra; Busby v. Indiana Board of Agriculture, supra; City of Indianapolis v. Indianapolis Water Co.* (1916), 185 Ind. 277, 291, 113 N.E. 369; *State v. Mutual Life Ins. Co.* (1910), 175 Ind. 59, 71, 93 N.E. 213; *May v. State* (1892), 133 Ind. 567, 569, 33 N.E. 352; *State v. Patten* (1936), 209 Ind. 482, 496, 199 N.E. 577; 49 Am. Jur. Sec. 76, p. 288, and Sec. 78, p. 291."

The Court further stated:

". . . Appellant has presented a very forceful argument and one in which there may be merit; however, the reasons urged by appellant are proper ones to be presented to the legislature in behalf of legislation allowing tort actions to be brought against state agencies and departments, *but they cannot be considered by the courts in view of the law as written in § 24, Art 4, of the Indiana Constitution* and the will of the legislature as expressed in §§ 2-229 and 4-1501 of Burns' 1946 Replacement." (Our emphasis).

We have reviewed the cases which the appellants have advanced, both in their briefs and in oral argument, in support

of their positions. We note that the Indiana cases they cite pertain to actions involving counties or cities, rather than the sovereign State of Indiana. We would particularly point out that the Constitution of Indiana, Article 4, Sec. 24, specifically applies to the State of Indiana and insulates the State from tort actions. Other governmental units are not afforded this constitutional protection and therefore the cases concerning actions against cities or countries are not applicable to this case.

For all of the above and foregoing reasons, the judgment dismissing the plaintiffs' claims is affirmed. Costs versus Appellants.

Carson, J., Lowdermilk, P. J., Sullivan, J., concur.

NOTE.—Reported in 244 N. E. 2d 667.