Lewis v. Albertson.

---

LEWIS v. ALBERTSON ET AL.

[No. 18,211.   Filed January 14, 1898.]

APPEAL AND ERROR.—*Assignment of Error.—Failure to Discuss.*—The failure of appellant to discuss an assignment of error amounts to a waiver of the error thus assigned. *pp. 694, 695.*

APPELLATE COURT.—*Jurisdiction.—Constitutional Law.—Appeal and Error.*—Although the condition of the record and the assignment of error are such as to present the question of the constitutionality of a statute, if the brief of the party is such as not to present it the question is not duly presented within the meaning of section 1336 Burns 1894, providing that "the Appellate Court shall not have jurisdiction of any case where the constitutionality of a statute,

Lewis v. Albertson.

federal or state, is in question, and such question is duly presented." p. 695.

APPELLATE COURT.—*Jurisdiction.*—*Transfer of Cause from Supreme to Appellate Court.*—Where by reason of the failure of appellant to discuss in his brief an assignment of error involving the constitutionality of a statute such question is waived and the case thereby comes within the jurisdiction of the Appellate Court, the cause will be transferred to the Appellate Court with the assignment of error waived as completely as if the assignment was not in the transcript at all. *p. 695.*

From the Lawrence Circuit Court. *Transferred to Appellate Court.*

*Alexander & Willard,* for appellant.

*Elliott & Elliott* and *Brooks & Brooks,* for appellees.

McCABE, J.—The appellees sued the appellant to foreclose a lien on a certain lot owned by appellant in the city of Bedford, in Lawrence county, for a street improvement made by appellees as contractors with the city authorities, for $299.46, under the provisions of the act approved March 8, 1889. An answer of eleven paragraphs was filed, upon some of which issues were joined, a trial of which resulted in a judgment and decree for the amount claimed and foreclosing a lien.

Among the paragraphs of answer was the fifth, setting up that the resolution of the council declaring the necessity for the improvement and the contract made by the city authorities with the appellees for the same, were all void because the act of the legislature legalizing the acts leading to the incorporation of the city of Bedford was unconstitutional and void. The circuit court, among many other rulings, sustained a demurrer to said fifth paragraph of answer, and that ruling, among many others, is assigned on this appeal as error. But the appellant's brief in no way alludes to or discusses the question as to the sufficiency of that paragraph of the answer. The question presented to the circuit court by the demurrer to the said fifth paragraph of answer, was the constitutionality of the statute mentioned in said answer.

Lewis *v.* Albertson.

But the failure to discuss in appellant's brief the question raised by the assignment of error upon the ruling on that paragraph, is a waiver of the error thus assigned, as has been decided by this court so often that it is deemed unnecessary to cite the cases so holding.

With that question eliminated, the case is one simply for the foreclosure of a statutory lien where the amount in controversy does not exceed $3,500. Such a case falls within the jurisdiction of the Appellate Court. Acts 1893, p. 356, section 1337 Burns 1894.

Acts 1893, p. 39, section 1336 Burns 1894, provides that: "The Appellate Court shall not have jurisdiction of any case where the constitutionality of a statute, federal or state, * * * is in question and such question is duly presented."

It has been held by this court, substantially, that though the condition of the record and the assignment of error are such as to admit such a question, yet if the brief of the party is such as not to present it, the question is not duly presented within the meaning of the provision we have quoted. *Benson, Adm.* v. *Christian*, 129 Ind. 535, 537; *Dowell* v. *Talbot Paving Co.*, 138 Ind. 675, 686; *In re Pittsburgh, etc., R. Co.*, 147 Ind. 697, and authorities there cited.

It would be quite unreasonable to say that a question involved in an assignment of error, having been waived by the appellant in failing to notice or discuss the same in his brief, is duly presented. We do not mean to say that such waiver might not be obviated by afterwards filing a brief discussing the question, before the case is taken up for consideration. That question not being before us, we do not decide it. But we do decide that this case must be transferred to the Appellate Court, with the assignment of error on the ruling on the demurrer to the fifth paragraph of answer waived as completely as if that assignment of error was not on the transcript at all. In that case it would be too late to make it.

The case is accordingly transferred to the Appellate Court.