CITY OF EAST CHICAGO *v.* CHICAGO AND
CALUMET DISTRICT TRANSIT COMPANY, INC.

[No. 30,374. Filed April 8, 1963.]

*Cecil B. Cohen,* City Attorney, *Joseph J. Wasko* and *John N. Stanton,* all of East Chicago, for appellant.

*Owen W. Crumpacker, Theodore M. Gemberling, George V. Burbach* and *Harold Abrahamson,* all of Hammond, for appellee.

MYERS, J.—This is an action by a municipal corporation, appellant herein, against a common carrier of passengers for hire, appellee, for a permanent injunction to restrain the carrier from carrying on its business on the streets and highways within the city limits of the municipality for the reason that the

carrier had no consent or permission to do so from the municipal corporation. The trial court awarded a final judgment in favor of the transit company and against the city. An appeal was taken by the municipality to the Appellate Court of Indiana.

Appellee filed a motion to dismiss based upon the ground that jurisdiction of this appeal belongs in the Supreme Court. This motion was not ruled upon by the Appellate Court, but the cause was set down and argument heard on the merits. Thereafter, the Appellate Court ordered the appeal transferred to this court on the basis that the questions presented required a conclusion as to the constitutionality of several statutes, ordinances, franchises and acts referred to in the briefs of the parties. If so, this court has exclusive jurisdiction. Section 4-214, Burns' Ind. Stat., 1946 Replacement.

In reviewing the record, we find appellant's amended complaint is in four paragraphs. The second paragraph, in brief, alleges that appellee was a common carrier of passengers for hire in the contiguous cities of Hammond, Gary, Whiting and East Chicago; that it had no franchise to operate within the city of East Chicago, but did have one from the city of Hammond; that it had no right to conduct its business within the city limits of appellant; that the franchise granted by the city of Hammond could not authorize it to operate within the boundaries of appellant city. There is a further allegation that the statute under which these cities are authorized to grant franchises of this sort is unconstitutional as violating Article 1, Sections 1 and 25, Article 4, Sections 21 and 23, of the Indiana State Constitution, and the 14th Amendment of the Constitution of the United States.

The record does not show that this paragraph of the amended complaint was answered by appellee. Answers were filed to paragraphs I, III and IV. In rhetorical paragraph (1) of paragraph IV of the amended complaint, appellant states that it adopts all the allegations set forth in rhetorical paragraphs 1 through 22 of the second paragraph. These paragraphs included the charges that the Constitutions of Indiana and of the United States were violated. In its answer to paragraph IV, appellee says that "it adopts its admissions and denials made heretofore to rhetorical paragraphs (1) through (22) inclusive" of paragraph II of the amended complaint. However, the record does not reveal any such admissions or denials filed previously. So, in so far as both paragraphs II and IV of the amended complaint are concerned, they were never controverted or put in issue by the pleadings.

There is nothing in the judgment of the court to show that it concerned itself with any constitutional question involved. The court merely found for appellee and entered judgment accordingly.

Appellant's motion for new trial makes no specification of error that the court refused to find the statute unconstitutional. In the Argument portion of appellant's brief there are only two short references to the question. One reads as follows:

"The appellant's contention is, that if the statute is an attempt at making the City of East Chicago subservient to the City of Hammond, it is unconstitutional as depriving the appellant of its municipal rights, or that the statute has no application and the Hammond franchise and its terms are not applicable to the City of East Chicago, appellant herein."

The other reference is as follows:

"If as contended by the appellees the city of Hammond was given control over the streets of East Chicago by the laws concerning motor vehicles cited herein then the amending laws failed to do so since it is provided by the constitution of the state of Indiana; Article 4, Section 21:

" 'No. 21—Amending acts, how done. No act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended, shall be set forth, and published at full length.'

"Therefore the statutes giving control of the streets within the boundaries of a municipality still control since any other laws, if they were intended to amend the original acts giving cities control, are unconstitutional since they did not comply with Article 4, Section 21."

No authorities are cited for these statements.

The real basic argument presented by appellant is set forth in its brief as follows:

"Therefore this lawsuit was brought to resolve the issue and have a judicial determination of the effect of the Hammond franchise and the application of the Indiana Statute."

Twenty-one pages of argument are devoted to an attempt to interpret the franchise and statute favorably to appellant, replete with case and statutory authorities cited in support thereof.

Appellee's brief has a short reference to the fact that the jurisdiction of this appeal should be in the Supreme Court because of the constitutional question. Other than that, there is no further reference to the validity of the statute or the franchise. It takes up forty-five pages of its brief in answering appellant's argument in chief. In so doing, appellee makes the following statement:

"This is not an action for a declaratory judgment, as appellant attempts to argue. This is an action seeking the extraordinary relief of a prohibitory injunction."

The validity of a franchise or ordinance was not presented as a question to be decided so as to subject the case to the provisions of §4-214, Burns' Ind. Stat., 1946 Replacement, *supra*. It appears that the constitutionality of the statute involved is but a very minor and incidental issue in so far as appellant is concerned. The parties are desirous of a judicial determination of the effect of the franchise and the application of the statute. These are matters which the Appellate Court may decide. Here it is not essential to the questions involved to pass upon the constitutionality of a statute. Courts will pass upon the merits of a case if they can do so without determining a constitutional question. *In re Mertes Estate* (1914), 181 Ind. 478, 104 N. E. 753; *Henderson, Auditor* v. *State ex rel. Stout, Sheriff* (1894), 137 Ind. 552, 36 N. E. 257. Furthermore, having failed to discuss the question in its brief, appellant has waived any consideration of it. *Lewis* v. *Albertson* (1898), 152 Ind. 693, 49 N. E. 34; Supreme Court Rule 2-17 (e) and (f).

To further substantiate this viewpoint, it must be noted that appellant is the one who urged the matter in its amended complaint, but, after judgment, filed its appeal in the Appellate Court rather than in the Supreme Court. It may be assumed that appellant was well aware of the provisions of §4-214, Burns' Ind. Stat., 1946 Replacement, *supra*, and in so filing realized that no significant or fundamental question of constitutional law was involved.

This case, accordingly, is transferred back to the Appellate Court.

Achor, Arterburn and Landis, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 189 N. E. 2d 414.