MARION COUNTY BOARD OF ZONING APPEALS ET AL. *v.*
TRIVETT ET AL.

[No. 30,629. Filed September 19, 1966.]

*Nelson G. Grills,* of Indianapolis, for appellants.

*William F. LeMond,* of Indianapolis, for apellees.

JACKSON, J.—This is an appeal to the Appellate Court instituted by persons aggrieved by a decision of the Marion Superior Court which reviewed a decision of the Marion County Board of Zoning Appeals and reversed said Board in its decision to disallow these appellees to change their land from agricultural to commercial usage.

Thereafter on motion of appellees a "Petition To Transfer For Jurisdiction" was filed in that court. Such petition in pertinent part reads as follows:

". . . One of the findings of the trial court below was as follows:

" '9. That the continued imposition of the agricultural zoning restriction and ordinance on the petitioner's property is invalid and unconstitutional as it affects this property under the existing circumstances hereinbefore set out, and the petitioners have exhausted their administrative remedy in compliance with the law.'

> "2. Appellants in their appeal to this Court rely upon asserted errors in application of the governing statutes by the trial court below; however, Appellees in their brief rely upon the constitutional finding of the trial court below in defense of this appeal, and, therefore, the constitutional issue in this cause has been asserted in this appeal for the first time upon the filing of the Appellees' Brief, and pursuant to the laws of Indiana, questions of constitutionality on appeal must be presented to the Supreme Court of Indiana."

Thereafter, the Appellate Court in considering the above mentioned petition made the following order:

> "This court now therefore finds that there is a Constitutional question involved in this appeal and the same should be transferred to the Supreme Court of Indiana."

Thus this matter comes to us by virtue of the order heretofore made in response to appellees' petition.

Appellees made the statement in their petition to transfer that ". . . the constitutional issue in this cause has been asserted in this appeal for the first time upon the filing of Appellees' Brief, . . . "

This court has held the provisions of the statute which require that appeals, in which the constitutionality of a statute is presented, shall be taken directly to the Supreme Court has no application when the question of constitutionality is merely incidental and the constitutionality of a statute is not directly raised. In the case at bar the constitutionality of the application of the act is involved and the constitutionality of a statute is not directly raised. *Fleser et al.* v. *Aranjo et al.* (1954), 233 Ind. 694, 121 N. E. 2d 879; *City of East Chicago* v. *Chicago etc., Transit Co.* (1963), 243 Ind. 590, 189 N. E. 2d 414.

The order transferring this appeal to the Supreme Court having been improvidently issued, this cause is now ordered returned to the Appellate Court for determination on the merits.

Rakestraw, C. J., Myers and Arterburn, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 812.