WETTER ET AL. *v.* CITY OF INDIANAPOLIS, ETC., ET AL.

[No. 30,455. Filed September 29, 1966.]

*John J. Dillon,* Attorney General, *John J. McShane,* Deputy Attorney General, *Edward H. Knight, Edward O. Snethen* and *Alex M. Clark,* of Indianapolis, for appellants.

*James W. Beatty* and *Michael B. Reddington,* Corporation Counsel, *Robert D. Risch, George B. Gavit,* and *Ice, Miller, Donadio & Ryan,* of counsel, of Indianapolis, for appellees.

PER CURIAM.—This is an appeal filed in this Court by the appellants, who seek to have questions as to the title and interest therein fixed to property known as the public market in the city of Indianapolis. The complaint asks for an injunction. A final judgment was rendered therein in favor of appellees, City of Indianapolis, et al. Involved in the issues is an act of the state legislature which purported to convey the interest of the state to the city of Indianapolis. An issue is made with reference to the dedication of this property for certain public uses.

Seventeen pages of the appellants' brief are used in an attempt to show that this Court has jurisdiction. Under Burns' Ind. Stat. Anno. § 4-214 (1946 Repl.) we find that this Court does not have jurisdiction of this appeal. The constitution-

ality of the statute involved conveying title is not questioned. Only its interpretation is presented as a part of the issues.

It is further contended that the constitutionality of the Acts of 1951, ch. 312, §§ 4, 5, 6, pp. 1047-1051, being Burns' Ind. Stat. Anno. §§ 48-8447 to -8450 (1963 Repl.), is raised by Paragraph II of the complaint. However, it is further pointed out that the City of Indianapolis, by its third paragraph of answer, admits that such act is unconstitutional and void insofar as it applies to this market land involved.

For the reasons stated, we find there is no main constitutional question involved in this appeal. We have held that questions of constitutionality which are merely incidental to the main issues or concern the constitutionality of the application of the act, are not such as to give this Court jurisdiction of direct appeals. *Fleser et al.* v. *Aranjo, et al.* (1954), 233 Ind. 694, 121 N. E. 2d 879; *City of East Chicago* v. *Chicago, etc. Transit Co.* (1963), 243 Ind. 590, 189 N. E. 2d 414; *Marion County Board of Zoning Appeals* v. *Trivett*, No. 30629, decided September 19, 1966, 247 Ind. 527, 219 N. E. 2d 812.

This appeal is now ordered transferred to the Appellate Court under Burns' Ind. Stat. Anno. § 4-217 (1946 Repl.).

NOTE.—Reported in 219 N. E. 2d 911.