## Metropolitan Development Commission of Marion Co., et al. *v.* Troy Realty, et al.

[No. 371A48. Filed December 9, 1971.]

*Harold Kohlmeyer, Jr.,* Corporation Counsel, City-County Legal Division, *David F. Rees,* Assistant City Attorney, of Indianapolis, for appellants.

*F. Robert Lively,* of Indianapolis, for appellees.

HOFFMAN, C.J.—The only issue presented by this appeal is whether the finding of the trial court that the decision of the Metropolitan Board of Zoning Appeals of Marion County, Division 3, was supported by substantial evidence with respect to the five statutory prerequisites of IC 1971, 18-7-2-71, Ind. Ann. Stat. § 53-969 (Burns 1971 Supp.), is correct.

Viewed most favorably to appellees, the facts are as follows:

Troy Realty, Incorporated (hereafter Troy) filed a petition with the Metropolitan Board of Zoning Appeals, Division 3 (hereafter Board) seeking a real estate zoning variance with respect to certain property owned by Troy. Such variance was sought to permit the construction and maintenance of a motor vehicle service station with off-street parking and identification signs, in accordance with plans filed with the Department of Metropolitan Development. At the time this variance was filed, Troy's real estate, located at 435 East Banta Road in Indianapolis, Marion County, Indiana, was classified as a D-6 dwelling district.

Appellants, by formal written comments and through the representations and testimony of their staff, opposed the granting of such variance. On May 26, 1970, the Board granted the real estate use variance requested by Troy. On June 24, 1970, appellants filed their petition for a writ of certiorari in the Superior Court of Marion County, Room No. 3. A writ of certiorari issued on July 7, 1970. After reviewing the transcript and all of the evidence herein, and after argument, the trial court entered special findings of fact and conclusions of law and decree which affirmed the decision of the Board.

Such special findings of fact and conclusions of law and decree included, *inter alia,* the following:

"8. That all of the evidence in this cause, the transcript of proceedings before the defendant administrative board, and the exhibits therein and herein introduced, disclosed that there was substantial evidence of probative value authorizing the grant of the variance on the grounds that:

A. The grant of the variance will not be injurious to the public health, safety, morals, and general welfare of the community because this will be a legally operated service station, complying with M. T. A. County and State Highway Regulations and Requirements. Adequate exceleration [acceleration] and deceleration lanes and off-street parking areas are provided. Adequate drainage and lighting are provided.

B. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner because of the high wooded bluff to the West, apartment use to the South, wide 4 lane highway (U. S. 31) to the East and the road and high bluff to the North, all of which adequately buffer and screen the subject property.

C. The need for the variance arose from a condition peculiar to the property involved and such condition was not due to the general conditions of the neighborhood in that this is a low corner lot located at the intersection of U. S. 31 and Banta Road, both of which are heavily traveled thoroughfares, causing noise and fumes which are undesirable to residential development. It will cost approximately $35,000.00 to raise this property to road grade.

D. The strict application of the terms of the ordinance would constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought because this property is zoned D-6, Multiple Dwelling, and the property is not suited to this use due to its low elevation and close proximity to the U. S. 31 and Banta Road intersection.

E. The grant of the variance does not interfere substantially with the Metropolitan Comprehensive Plan because due to its distance from existing residences and the buffer D-6 use to the South, and the commercial nature of this lot, and the cost of filling it to a useable elevation. Also, the commercial development trend along U. S. Highway 31, and the lack of residential development along this highway in the past few years."

Subsequently, appellants filed their motion to correct errors containing the assignment of error argued herein,[1] that "the decision is contrary to the evidence and contrary to law in that the judgment of the Court upholds and confirms a decision of the Metropolitan Board of Zoning Appeals, Division 3, in which such Board authorized and approved a variance when there is no credible evidence" that support each of the five determinants provided in § 53-969, *supra*.

1. Another assignment of error that the costs were erroneously assessed to a public official has not been argued herein and is thereby deemed waived. Rule AP. 8.3(A), Indiana Rules of Procedure.

Section 53-969, *supra,* provides, in pertinent part, as follows:

"Petitions for variance.—The boards of zoning appeals, in accordance with territorial jurisdiction of such boards as established by sections 58 and 59 [§§ 53-958, 53-959] ■ of this act, are hereby authorized to grant such variance from the applicable zoning ordinance upon determination in writing that:

1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931—53-937] of this act."

In their well written briefs counsel for both litigants cite several prior cases delineating the scope of the review in cases where reversal of a decision granting a variance is sought. In *Bd. of Zon. App.* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, at 690, 145 N. E. 2d 302, at 305, this court reviewed several of the prior cases and held:

"As a general rule the court will not reverse the decision of the Board of Zoning Appeals where there is evidence to support it nor will the court substitute its own ■ judgment for that of the board. *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764. Nevertheless, 'if it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the *quantum* of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest on a rational basis or that the result of the hearing must have been substantially influenced by improper considerations the order will be set aside.' *Warren* v. *Indi-*

*ana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. Also 'in final analysis, the finding of an administrative agency will not be disturbed when subjected to the scrutiny of judicial review upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantially factual foundation.' *Keeling* v. *Board of Zoning Appeals, supra.* [(1947), 117 Ind. App. 314, 69 N. E. 2d 613]." See also: *Carlton, et al.* v. *Bd. of Zoning Appeals* (1969), 252 Ind. 56, 245 N. E. 2d 337, 16 Ind. Dec. 704; *Braughton* v. *Metropolitan Board of Zoning Appeals* (1970), 146 Ind. App. 652, 257 N. E. 2d 839, 21 Ind. Dec. 461 (transfer denied).

In the instant case appellants contend that Troy failed to support all five of the statutory prerequisites to the grant of a zoning variance with substantial evidence.

A. That the grant of the variance will not be injurious to the public health, safety, morals and general welfare of the community.

In respect to this determination, the evidence in the record before us includes plans introduced for the purpose of showing that adequate lighting and drainage, acceleration and deceleration lanes, and off-street parking areas were to be provided; an area map showing the present zoning classifications of the surrounding area; a group of seven photographs showing the land in question and the areas and roads adjacent to it; testimony of a realtor as to the commercial character of the property in the immediate area; testimony of a civil engineer for Mobil Oil Corporation that the plans were reviewed by the Highway Department and the Mass Transportation Authority; and testimony of at least two witnesses that in their opinion the health, safety and morals of the community would not be affected by the variance. This seems to be sufficient evidence upon which the trial court could have concluded that the determination of the Board was based on sufficient evidence.

B. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

In regard to this determination the evidence in the record before us includes seven photographs (hereinabove referred to) ; the building plans; testimony of the owner of the property and of other properties in the area that the service station would "help the corner because it is all dark"; and the opinion of one of the witnesses to the effect that there would be no substantial affect on the surrounding property. This, as well as other evidence in the record, provided a substantial, factual basis for the trial court's conclusion as to the correctness of the determination of the Board.

C. The need for the variance arose from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

In respect to this determination there is testimony in the record indicating that this property is situated at one corner of a heavily trafficked intersection, thus this property may be somewhat more affected by the "noise and fumes" than the surrounding area. There is also testimony in the record that this area is lower and more adversely affected by water drainage than the surrounding neighborhood. This testimony, as well as the exhibits introduced by appellees, afforded sufficient evidence from which the trial court found that the Board made its determination.

D. The strict application of the terms of the ordinance will constitute an unusual hardship if applied to the property for which the variance is sought.

As to this determination, there is testimony in the record before us indicating that the size of this particular parcel; the commercial development along U. S. 31; the heavy motor vehicle traffic at this particular intersection; and the "drainage" problem would pose such an economic burden as to be an unusual and unnecessary hardship in developing this property for residential or apartment purposes. Such evidence, along with the pictures and charts hereinabove referred

to, provide, as the trial court found, a substantial probative basis for the Board's decision.

E. The grant of the variance does not interfere substantially with the Metropolitan Comprehensive Plan.

The record contains conflicting evidence as to this determination. On one hand, an employee of appellants testified that such variance would bring added traffic and noise to the surrounding territory presently zoned as a multi-family residential area and that such variance would set a precedent for additional commercial development. On the other hand, the testimony, plans and photographs indicated that business development along U. S. 31 is increasing while residential development is decreasing; that this particular parcel is undesirable for the presently zoned use and that the variance sought would not be detrimental to the surrounding neighborhood; and that the existing residences and apartments are sufficiently buffered from this land. In the face of this conflicting evidence, this court will not disturb the trial court's conclusion where, as here, the determination of the Board is based on sufficient factual evidence.

To summarize the position of a reviewing court, it will neither weigh the evidence nor substitute its judgment for that of the Board. It was the Board's duty to hear the evidence and determine the credibility of the witnesses. The trial court was not at liberty to reverse the determination of the Board when such was based on sufficient evidence as hereinabove set forth.

The judgment of the Superior Court of Marion County, Room No. 3, is affirmed.

Judgment affirmed.

Sharp, Staton and White, JJ., concur.

NOTE—Reported in 275 N. E. 2d 845.