The Metropolitan Development Commission et al *v.*
James E. Camplin et al.

[No. 272A67. Filed November 6, 1972]

*David F. Rees, Dale McLaughlin,* of Indianapolis, for appellants.

*Bulen & Castor,* of Indianapolis, *Terrence P. Pehler,* of Indianapolis, for appellees.

Sullivan, J.—The Metropolitan Board of Zoning Appeals of Marion County (hereinafter referred to as Board) granted the appellees, James E. and Anne T. Camplin, a variance authorizing the use of certain property at 4401 North Arling-

ton Avenue in Indianapolis for a "convenience shopping center," i.e., a cleaning establishment and grocery store. Appellants, the Metropolitan Development Commission of Marion County (hereinafter referred to as Commission) and the Department of Metropolitan Development of the City of Indianapolis (hereinafter referred to as Department) sought judicial review by writ of certiorari in the Superior Court of Marion County, Room 7. That court upon review affirmed the decision of the Board.

Certain remonstrators, the Sheridian Heights Civic League and the Maple Heights Devington Association, though not parties to the Petition for Certiorari, joined with appellants in a Motion to Correct Errors which was overruled.

The property in question is located in a residential subdivision and is zoned for agricultural or low-density residential use. Camplin had previously petitioned the Board for variances to construct a business building on the property in 1961 and 1964 but both petitions had been denied.

Three issues are presented by this appeal. First, appellees (Camplins) contend that the trial court lacked jurisdiction of the Certiorari proceeding because the Commission and Department, the plaintiffs below, did not have standing to seek review. Camplins argue in this regard that neither the Commission nor the Department are "aggrieved persons" within the meaning of the controlling statute.

Next, appellants insist that the doctrine of res judciata required denial of the variance in that Camplins made no showing that circumstances had changed since the time of a previous variance denial for the property in question.

Finally, appellants maintain that Camplins failed to establish all statutory prerequisites for the granting of a variance. They argue that the evidence presented on three of the five requirements was so meager and devoid of probative value as to be legally insufficient.

## OBJECTION TO STANDING OF COMMISSION AND DEPARTMENT TO APPEAL WAS WAIVED

The standing of a party to appeal a decision of the Board is determined by the following statute:

> "Subject to the above limitations, any person aggrieved by a decision of the board of zoning appeals, not including the executive director, may present to the circuit or superior court of the county in which the premises affected are located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. IC 1971, 18-7-2-76, Ind. Ann. Stat. § 56-974 (Burns 1972 Supp.)"

The petition for writ of certiorari here was filed in Superior Court by the Commission and the Department on March 25, 1970. This court in a decision handed down February 3, 1972 ruled that neither the Commission nor the Department is an aggrieved person within the meaning of the statute. *Metropolitan Dev. Com'n. of Marion Co.* v. *Cullison* (1972), 151 Ind. App. 48, 277 N. E. 2d 905. However, an objection to the right of a party to bring a suit must be raised at the first opportunity or the objection is waived. *J. I. Case Co.* v. *Sandefur* (1964), 245 Ind. 213, 197 N. E. 2d 519. Camplins' objection to appellant's standing was not raised during the certiorari proceeding below nor in the Motion to Correct Errors. The alleged error, if any, has therefore been waived. Accordingly, we do not consider possible retroactive application of *Cullison* even though such application was argued in Camplins' brief.

## DEFENSE OF RES JUDICATA NOT TIMELY PRESENTED AND IS WAIVED

Appellants citing *Braughton* v. *Metropolitan Board of Zoning Appeals* (1970), 146 Ind. App. 652, 257 N. E. 2d 839, maintain that the doctrine of res judicata required the Board to deny the requested variance since a zoning board should not indiscriminately or repeatedly re-

consider a determination denying a variance unless there has been a change of conditions or circumstances. They predicate their position upon the fact that two prior variance petitions, the last one in 1964, were denied. This argument is unavailing, however, because the defense of res judicata was not presented before the Board, nor was it even asserted by appellants in their Petition for Writ of Certiorari addressed to the reviewing court below. The defense was therefore waived and cannot serve here as a cause for reversal. *Board of Zoning Appeals* v. *Sink* (1972), 153 Ind. App. 1, 285 N. E. 2d 655.

## EVIDENCE WAS SUFFICIENT TO SUSTAIN GRANTING OF THE VARIANCE

The Board is statutorily permitted to grant a variance from a zoning ordinance if the following determinations set forth in IC 1971, 18-7-2-71, Ind. Ann. Stat. § 53-969 (Burns 1972 Supp.) are made:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan . . ."

All of the above requirements must be met before a variance may be granted. *Marion County Board of Zoning Appeals* v. *Sheffer & Clark Inc.* (1966), 139 Ind. App. 451, 455, 220 N. E. 2d 543. Appellants insist that the decision of the Board is not supported by sufficient evidence to sustain the first, second and fifth requirements and for that reason the variance should not have been granted.

In order to reverse an order of a board which grants a variance, an appellant must show that the quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding and decision of the Board does not rest upon a rational basis. *Warren* v. *Indiana Telephone Company* (1940), 217 Ind. 93, 26 N. E. 2d 399. In other words, when a Board grants a variance, in order to obtain a reversal, an appellant must show that at least one of the five statutory prerequisites is not supported by substantial evidence of probative value. *Braughton* v. *Metropolitan Bd. of Zoning Appeals, supra.* Therefore, we must determine whether there is substantial evidence of probative value to support the above listed statutory prerequisites.

## A.  NO INJURY TO PUBLIC HEALTH, SAFETY, MORALS, AND GENERAL WELFARE OF THE COMMUNITY

Appellants acknowledge the testimony of an expert witness who stated before the Board that in his opinion the granting of the variance would not be injurious to the public health, safety, morals and general welfare of the community. The record also shows that photographs of the area were introduced to show the nature of the community which would be affected. Appellants, however, argue that the evidence was so meager and so devoid of probative value as to be legally insufficient.

This court has previously ruled that even the testimony of a variance petitioner's attorney concerning a statutory requirement, standing alone, can properly warrant a finding by a reviewing court that a statutory prerequisite is not unsupported by substantial evidence of probative value. *Braughton* v. *Metropolitan Bd. of Zoning Appeals, supra.* The testimony of an expert witness must surely be accorded the same consideration. Thus, we cannot here say

that there was not sufficient evidence for the trial court to conclude that the determination of the Board was proper.

## B. ABSENCE OF SUBSTANTIAL ADVERSE EFFECT UPON USE OR VALUE OF ADJACENT AREA

With respect to this determination, the record includes aerial photographs, testimony of the expert witness and testimony of another witness. Appellants maintain that the evidence upon this prerequisite is "scarce" and "lacking in credibility." The expert witness called by petitioners testified:

"... I can't see any loss or damages to contiguous properties, let alone how you would measure it in substance. To me 'substantial' means more than a little. I can't see either, little or substantial.

"MR. CASTOR: You mean there is none?

"MR. ROGERS: None that I know of."

We cannot say that there is not sufficient evidence to provide a substantial, factual basis for the trial court's conclusion that the Board's determination regarding this prerequisite was correct.

## C. NO SUBSTANTIAL INTERFERENCE WITH THE METROPOLITAN COMPREHENSIVE PLAN

Again, we look to the testimony of the expert witness. The record discloses appellee's following question and the answer on direct examination:

"Q. Thank you. I have one more question and I will let you go.

Do you feel that the petition before the Board presently were granted—if it were granted, would the grant of the variance interfere substantially with the Metropolitan Comprehensive Plan, and I have to add: if there is one?

"A. I have again reviewed the recent and current changed map and it would appear that the progress of commercial on Arlington from deep in the south clear to the north, as far north as the Devington Center,

"appears to take on the complexion, again, of a qualified commercial usage, and I can't see that this is any different, any worse, than the other uses that have been granted or so designated."

The appellants contend that the witness's answer does not represent an answer. However, in reviewing the findings of an administrative agency, courts look to the substance rather than the form of the evidence. *Warren* v. *Indiana Telephone Company, supra.* The aerial photographs could also be evaluated to determine the extent and type of development around the parcel in question. See *Metropolitan Development Comm.* v. *Troy Realty, Inc.* (1971), 150 Ind. App. 213, 275 N. E. 2d 845. Consequently, we cannot as a matter of law say that the Board and reviewing court did not have sufficient evidence to sustain their determinations upon the statutory prerequisites. We accordingly reject appellant's argument that the evidence presented to the Board was insufficient to sustain the granting of the variance.

The judgment of the trial court is affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported in 288 N. E. 2d 569.